■ In the Matter of the Estate of PHILIP ROSEN, Deceased. MARIE ROSEN, Appellant-Respondent; GERALD ROSEN et al., Respondents-Appellants; DOROTHY DIAMOND, Respondent.—In a proceeding to determine the validity of claims against a decedent's estate and for construction of a separation agreement executed by the decedent, (1) the petitioner Marie Rosen appeals, as limited by her notice of appeal and brief, from so much of a decree of the Surrogate's Court, Westchester County (Brewster, S.), dated September 25, 1985, as (a) construed the term "gross estate" to mean the gross estate for Federal estate tax purposes, (b) held that any gifts made by the decedent of a material part of his estate or transfers made without adequate consideration would be contrary to the separation agreement and the value thereof would be included in the gross estate, (c) held that the value of such gifts or transfers would be determined as of the date of the transfer, together with interest until the date of the decedent's death, or as of the date of the decedent's death, whichever was higher, (d) held that consideration may include the value of only those services rendered to the decedent for which the decedent was obligated to make payment, and (e) held that the bequest to the petitioner may not exceed one third of the decedent's gross estate, as previously construed; (2) the claimant Gerald Rosen cross-appeals, as limited by his notice of cross appeal and brief, from so much of the same decree as construed the term "gross estate" to mean the gross estate for Federal estate tax purposes; and (3) the claimants Elaine and Paula Matthews cross-appeal, as limited by their notice of cross appeal and brief, from so much of the same decree as denied the request by Elaine Matthews for an increase in her share of the estate to equal the shares of Gerald Rosen and Dorothy Diamond.

Ordered that the cross appeal by Paula Matthews is dis-

missed, without costs or disbursement, since she is not aggrieved by the provision of the decree cross-appealed from by her (see, CPLR 5522), and it is further,

Ordered that the decree is modified, (1) by adding the word "thereof" to decretal paragraph "2" so as to provide that "transfers thereof made without receiving full and adequate consideration would be contrary to paragraph 8 (c) of the separation agreement", and (2) by deleting decretal paragraph "3", and substituting therefor the following: "3. The value at the date of the decedent's death of any gifts given contrary to paragraph 8 (c) and any property transferred contrary to paragraph 8 (c), less any consideration received in money or money's worth, shall be included as part of the gross estate"; as so modified, the decree is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The claimants Dorothy Diamond, Gerald Rosen, Elaine Matthews and Paula Matthews are the decedent's ex-wife, children and grandchild, respectively. They assert that they are entitled to a greater share of the decedent's estate than was bequeathed to them in the decedent's last will and a codicil thereto. Specifically, the claimants allege that certain provisions of the will violated the terms of a separation agreement executed by the claimant Dorothy Diamond and the decedent.

Insofar as is relevant here, the agreement provided that the decedent was to make periodic payments for Dorothy's support until her death or remarriage. The obligation to make such payments was not terminable upon the decedent's death, and to ensure that the payments would continue thereafter, the decedent was required to execute a will wherein he would bequeath to Dorothy "one-half (½) of his total gross estate, as finally determined for federal estate tax purposes, in trust", the income from which, and, to the extent necessary, the principal, would be used to make the support payments. Upon Dorothy's death or remarriage, the trust was to be dissolved and the principal distributed between Gerald and Elaine.

The separation agreement also enjoined the decedent from making "any gifts of a material part of his property" or "any transfers thereof without receiving full and adequate consideration" and provided that the value of the decedent's gross estate would be increased by the value of such gifts or transfers, less the amount of any consideration received.

Subsequently, Dorothy and the decedent were divorced and the decedent married Marie Rosen, the petitioner herein. A child, Anne Marie Rosen, was born of this marriage.

The decedent and Dorothy then entered into an agreement modifying the separation agreement, having recognized that under the agreement as originally written, the children of the decedent's first marriage would not be entitled to any part of decedent's estate in the event Dorothy died or remarried during the decedent's lifetime. It was thereupon agreed that the decedent could leave one third of his gross estate to his current wife Marie and the remaining two thirds would be left to a group including Dorothy, Gerald, Elaine, Anne Marie, and any other child born of the second marriage, with the proviso that the decedent could bequeath a portion of that two thirds of the gross estate to his stepson Alfred and his grandchild Paula, or any other grandchild, but with the understanding that "in no event shall Gerald, Elaine and/or Dorothy * * * receive less from this distribution than Anne Marie Rosen or any of the other legatees hereinabove mentioned".

When the decedent died more than 15 years later, he left a will in which he bequeathed all of his tangible personal property and his personal residence to his wife Marie. The remainder of his estate was divided into 90 equal parts of which 45 were given to Marie, 10 each to Dorothy and Gerald, and 5 each to Elaine, Paula, the stepson Alfred, and the children of the second marriage—Anne Marie and Karin. Dorothy, Gerald, Elaine and Paula all filed claims against the estate.

We concur with the Surrogate's determination that the term "gross estate" as used in the separation agreement, as amended, meant "gross estate, as finally determined for Federal estate tax purposes" and that the question of whether the legacy to Marie was in excess of that permitted by the separation agreement could not be ascertained until a final accounting.

The Surrogate also was correct when he held that the decedent's gross estate should be augmented by the value of gifts of a material part of the estate or transfers thereof for less than full consideration. We recognize that the decree could be construed to permit the inclusion of transfers of less than a material part of the estate, and have modified it to reflect that only transfers of a material part of the estate should be included.

The determination that the value of such gifts or transfers should be ascertained as either the value at the time of transfer or the time of death, whichever was greater, however, was erroneous. The value of the property should be deter-

mined as of the time it should have been delivered, i.e., the time of death *(see, e.g., Rodriguez & Co. v Moore-McCormack Lines,* 32 NY2d 425).

Finally, we agree with the Surrogate's finding that nowhere in the separation agreement as amended is it mandated that Elaine must receive the same share as her brother Gerald or mother Dorothy. We further note that the amount bequeathed to Elaine and her daughter Paula, as a family unit, was equivalent to that given to Gerald. Accordingly, Elaine's request that her share be increased was properly denied.

The parties' remaining contentions, to the extent they were preserved for appellate review, have been considered and found to be without merit. Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur. *[See,* 129 Misc 2d 753.]