(February 27, 1990)

■ UNITED STATES FIDELITY & GUARANTY COMPANY, Respondent, v LEONARD PRESSLER, Appellant, et al., Defendants.—

However inarticulately expressed by defendant Pressler, who appears *pro se,* his complaint, when considered as a whole and construing its allegations liberally in favor of the pleader, fairly states a cause of action to recover damages for aggravation of his injuries due to USF&G's allegedly wrongful denial or delay in paying no-fault benefits to him. *(See, Monroe v Providence Washington Ins. Co.,* 126 AD2d 929.) While it is settled that punitive damages may not be recovered for an isolated transaction, such as breach of an insurance contract *(Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, 318-319), it appears that compensatory damages may be recovered in the appropriate case. We modify accordingly, Concur— Kupferman, Sullivan, Carro and Rosenberger, JJ.

Murphy, P. J., dissents in a memorandum as follows: I dissent and would affirm for the reasons stated by Barry Salman, J. Additionally, I would note the following. Petitioner Leonard Pressler was struck by a vehicle owned by Christine Toth and operated by her husband Ronald Toth on February 5, 1977. United States Fidelity & Guaranty Company (USF&G) had issued a policy covering the Toths to the extent of $10,000 for personal injury and up to $50,000 in no-fault and/or PIP

benefits. The Johnson, Tannen firm was retained by petitioner to represent his and his wife Esther Pressler's interests in a personal injury action commenced against the Toths. Between joinder of issue and the resolution of the personal injury action by verdict in favor of the petitioner in the approximate amount of $130,000, on April 10, 1979, a sum in excess of the policy limits, certain no-fault payments were made to the petitioner as well as to various health care providers.

Subsequently, petitioner brought various motions and complaint for joinder of necessary parties, alleging causes of action sounding in deceit and fraud against USF&G and the Johnson, Tannen firm. USF&G instituted an interpleader action to pay the proceeds from the underlying insurance policy, which contained a liability limit of $10,000, into court to satisfy the obligations of USF&G in reference to the liability claim. This resulted in an order of the Supreme Court (Irwin M. Silbowitz, J.) discharging USF&G from liability to the extent of the liability portion of the policy issued to the Toths upon payment of the sum of $10,246, part of which went to the Johnson, Tannen firm, part to Esther Pressler representing her pro rata share of the policy and the remainder deposited into court subject to claims of a judgment creditor.

Thereafter, the petitioner, appearing *pro se,* sought leave to serve an "additional complaint and complaint for increased punitive and treble damages" against USF&G and the Johnson, Tannen firm cross-moved to dismiss petitioner's pleadings and complaints, and opposed petitioner's motion for leave to further amend his complaint. In an order and decision dated July 1, 1988, the court denied petitioner's motion for leave to further amend his complaint and granted the cross motions to dismiss all proceedings against USF&G and Johnson, Tannen. Upon review of the record, I find no basis for petitioner's claims of negligence and fraud. The documentary evidence establishes that USF&G properly paid no-fault benefits to health care providers in an amount in excess of its policy limits. Accordingly, the order appealed from should be affirmed.