■ ELAINE ROSEN, Appellant, v ROBERT RAUM, Respondent. —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered February 23, 1990, *inter alia,* granting defendant's motion for summary judgment dismissing with prejudice plaintiff's *pro se* repleaded verified complaint (CPLR 3211 [a] [7]), is unanimously modified on the law to the extent of denying defendant's motion for summary judgment, without prejudice to a motion by defendant for a more definite statement, and reinstating the complaint and otherwise affirmed, without costs.

Plaintiff, *pro se,* commenced this action for $6 million in damages alleging various acts of misconduct by defendant Robert Raum, an attorney, in his capacity as accountant to the estate of plaintiff's father, Phillip Rosen (Rosen), who died in September 1982.

The decedent, Phillip Rosen, and plaintiff's mother, Dorothy Rosen, entered into a separation agreement and modifications thereof in 1964 and 1966. Under the terms of the agreement,

Rosen agreed to bequeath two thirds of his estate to Dorothy, plaintiff and his other children, agreed not to transfer any material part of his property without receiving full consideration and agreed that, if such a transfer was made, the value of his gross estate would be increased by the value of such gifts or transfers, less the amount of any consideration received. *(Matter of Rosen,* 128 AD2d 878 [2d Dept 1987].) However, Rosen's will, in violation of the separation agreement, left two thirds of his estate to Marie Rosen, whom he married after his divorce from Dorothy. The will named Marie Rosen coexecutor along with Gerald Rosen, plaintiff's brother.

In an earlier proceeding, commenced by plaintiff and others to contest the will and for construction of the separation agreement, the Surrogate's Court, Westchester County (Brewster, S.), on September 25, 1985, upheld the validity of the agreement and directed that Rosen's gross estate include the amount of any gift or transfer made by him without full and adequate consideration. *(See, Matter of Rosen,* 128 AD2d, *supra,* at 880 [modifying the decree to, *inter alia,* require the inclusion in Rosen's gross estate of the value of gifts of a "material part" of the estate or transfer thereof for less than full consideration].)

While unquestionably confused and repetitious, the instant complaint does contain several ascertainable factual allegations. Plaintiff alleges that commencing in September 1984, Raum had an undisclosed personal relationship with Marie Rosen whom he subsequently married, and while acting as accountant for Rosen's estate, was simultaneously accountant and attorney to Marie Rosen. It is claimed that in his capacity as Marie Rosen's counsel, defendant participated in legal proceedings designed to delay the final accounting of the estate.

Plaintiff further alleged that defendant's accounting of the Rosen estate, filed in December 1985, failed to include in the gross estate assets which the Surrogate had determined should be included, that defendant failed to disclose gifts and transfers made to Marie Rosen, thereby diminishing and underrepresenting the value of the estate and rendering it insolvent, and that plaintiff was damaged in that her percentage interest in the estate was reduced. Plaintiff also alleged that defendant's failure to disclose renders the assignment of her rights in the estate to Marie Rosen for $42,500 unknowing and unintelligent.

Raum then moved for summary judgment dismissing the

complaint for failure to state a cause of action (CPLR 3211 [a] [7]), failure to meet the requirements of particularity, specifically with respect to her cause of action for fraud (CPLR 3013, 3016 [b]) and failure to comply with CPLR 3014, and, alternatively, for a more definite statement and to strike scandalous and prejudicial statements. (CPLR 3024 [a], [b].) In support of the motion, defendant submitted copies of a release of the executors of the estate, and an assignment of legacy signed by plaintiff and dated July 30, 1987. By these documents plaintiff acknowledged that there had been a settlement as to claims against the estate and withdrew objections to the accounting which had been prepared by defendant. Raum, by affidavit, stated that he had never been retained as an attorney by either executor to the estate and acknowledged his marriage to Marie Rosen in 1987.

"A complaint should not be dismissed on a pleading motion so long as, when the plaintiff's allegations are given the benefit of every possible inference, a cause of action exists". *(Sanbar Projects v Gruzen Partnership,* 148 AD2d 316, 318 [1st Dept 1989], citing *Rovello v Orofino Realty Co.,* 40 NY2d 633, 634.) The material allegations of the complaint must be deemed to be true and the proper inquiry is whether a cause of action exists, not whether it has been properly stated. *(Ippolito v Lennon,* 150 AD2d 300, 302 [1st Dept 1989].) Moreover, a *pro se* complaint should be construed liberally in favor of the pleader. *(See, United States Fid. & Guar. Co. v Pressler,* 158 AD2d 419 [1st Dept 1990].)

Plaintiff alleged that defendant knowingly underrepresented the true value of her father's estate as approximately $3,000,000 by failing to include the value of transfers made to Marie Rosen and failed to disclose his personal relationship with Marie Rosen. Plaintiff further alleged that as a result, she was unable to make an intelligent assignment of her legacy, which she in fact assigned to Marie Rosen for $42,500. She alleges that she was thereby damaged. Her allegations appear to state a cause of action for fraud and misrepresentation. *(Meese v Miller,* 79 AD2d 237, 240-241 [4th Dept 1981]; *see also, Rogal v Wechsler,* 135 AD2d 384 [1st Dept 1987] [cause of action against accountant for fraudulent misrepresentation for estate assets]; *Callahan v Callahan,* 127 AD2d 298 [3d Dept 1987] [cause of action against attorney for misrepresentation and failure to disclose marital assets]; *County of Westchester v Welton Becket Assocs.,* 102 AD2d 34, 50 [2d Dept 1984], *affd* 66 NY2d 642 [1985] [failure to disclose a material fact sufficient to state cause of action for fraud].)

These allegations were sufficiently particular to inform the defendant of the incidents complained of (CPLR 3016 [b]) and should not be interpreted so strictly as to prevent an otherwise valid action in instances where it may be " 'impossible to state in detail the circumstances constituting a fraud' ". *(Lanzi v Brooks,* 43 NY2d 778, 780 [1977], quoting *Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194.) The proper remedy for a defendant who is unable to answer a complaint which is unclear is to move for a more definite statement. (CPLR 3024.) Concur—Kupferman, J. P., Sullivan, Rosenberger and Smith, JJ.