■ THERESA MATTHEWS et al., Appellants-Respondents, v NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, CHILD WELFARE ADMINISTRATION, et al., Respondents-Appellants, and OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DIS-

ABILITIES et al., Respondents, et al., Defendant. (And a Third-Party Action.) [629 NYS2d 241] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered March 3, 1994, which dismissed and severed all of plaintiffs' claims except for the fifteenth cause of action, and judgment of said court and Justice entered thereon on April 18, 1994, unanimously modified, on the law, to the extent of also dismissing the fifteenth cause of action for abuse of process, and otherwise affirmed, without costs.

Plaintiff Allan Matthews, now 10 years of age, is an autistic child who resides with his mother, plaintiff Theresa Matthews, and his brothers, plaintiffs Emmanuel Roland and Eric Matthews. The complaint herein, which contains 23 causes of action, alleges an extensive series of constitutional and statutory violations committed by the named institutional defendants and some of their administrators and employees arising out of Allan's placement in foster care on May 25, 1988 after his mother executed a Voluntary Placement Agreement (VPA). Defendants are purported to have engaged in institutionalized policies, practices and customs of negligence and recklessness that, in contravention of constitutional and statutory prescriptions, systematically and routinely deprive indigent and handicapped children of their familial, educational and human rights.

The City defendants moved to dismiss the complaint, urging that, since Allan had been released from foster care prior to the commencement of this action, plaintiffs' claims for preventative and reunification services are now moot. Defendants contended that, absent any allegation that Allan is subject to further involuntary placement or that plaintiffs are presently being denied any social services to which they are entitled, there is no actual controversy that is ripe for judicial resolution, and injunctive and declaratory relief is unavailable. The Supreme Court, in a lengthy and detailed opinion, granted the motion except as to the fifteenth cause of action for abuse of process, and plaintiffs have appealed. The City defendants cross-appeal from the court's denial of dismissal of the fifteenth cause of action.

Plaintiffs, whose personal exposure to the City and State agencies sued herein appears to have been extremely unfortunate, are attempting to use their own plight as a means of compelling a change in the operating procedures of the subject agencies. However, there is no indication in the record that plaintiffs' experience with the social casework bureaucracy is typical of all, or most, of the individuals who come into contact

with these agencies. This litigation, instead, involves something that happened in the past to a single family, and there is no allegation that plaintiffs are not currently receiving services or benefits to which they are entitled. Moreover, plaintiffs are not asserting the absence of any established plan to implement defendant agencies' statutorily mandated duties (*cf., Martin A. v Gross*, 153 AD2d 812, *lv dismissed sub nom. Cosentino v Perales*, 75 NY2d 808), nor is this a class action wherein there is an apparent pattern of noncompliance with legal obligations. Rather, what is involved here is the alleged misfeasance of defendants' discretionary duties as relates to one family, and this is not actionable (*Tango v Tulevech*, 61 NY2d 34, 40; *see also, Grant v Cuomo*, 73 NY2d 820).

Indeed, the court should also have dismissed the fifteenth cause of action for abuse of process. In that claim, plaintiffs contend that the City defendants, knowing that a petition for writ of habeas corpus was pending with regard to the mother's demand that Allan be discharged from foster care, and in the absence of a court order authorizing an extension of the VPA to enable the Child Welfare Administration to retain custody of the boy, nonetheless initiated a meritless *ex parte* proceeding that was accompanied by factually incorrect allegations.

A cause of action for abuse of process "has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi*, 63 NY2d 113, 116). Moreover, the mere commencement of a legal action does not constitute abuse of process, and the process must be improperly used after it has been issued (*supra*, at 117). A malicious motive does not alone give rise to a cause of action for abuse of process (*supra*). In the situation herein, the City defendants, evidently uncertain as to whether plaintiff mother could properly care for Allan, instituted a neglect proceeding against her when she demanded her son's return. While that proceeding appears, in retrospect, to have been misguided, plaintiffs do not demonstrate an inexcusable intent by defendants to harm them or to use the process in a perverted manner to obtain a collateral objective. Thus, the fifteenth cause of action for abuse of process should also have been dismissed.

We have considered plaintiffs' other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.