■ Yoon Y. Park et al., Appellants, v State of New York, Respondent. [640 NYS2d 100] —Order, Court of Claims, State of New York (Albert Blinder, J.), entered December 8, 1994, which, *inter alia,* denied claimants' cross motion for discovery sanctions, or, in the alternative, for summary judgment, and which, upon a search of the record, granted summary judgment in favor of defendant dismissing the claim, unanimously modified, on the law, to the extent of denying summary judgment dismissing claimants' first cause of action for breach of contract and reinstating that cause of action, and otherwise affirmed, without costs.

The Court of Claims could properly grant summary judgment in favor of the State as against claimants on the second through fifth causes of action of the claim, since CPLR 3212 (b) empowers the court, on a summary judgment motion, to search the record and award judgment to a nonmovant without the necessity of a cross motion, where it appears that a party other than the moving party is entitled to summary judgment (*Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 112).

As to the merits, we find that the Court of Claims properly dismissed as untimely the second and third causes of action for fraudulent and negligent inducement of the parties' contract executed on February 22, 1990, which were raised for the first time in their amended notice of intention filed on June 10, 1992, based upon the claimants' noncompliance with Court of Claims Act §§ 10 and 11, which are jurisdictional in nature and must be strictly construed (*Dreger v New York State Thruway Auth.,* 81 NY2d 721, 724), by their failure to specifically state in the notice of intention, as required by section 11 (b) of the Court of Claims Act, the time the claim accrued (*Harper v State of New York,* 34 AD2d 865), and their failure to file their claims within 90 days from the time of accrual as required by section 10 (3), (3-b) of the Court of Claims Act (*Byrne v State of New York,* 104 AD2d 782, 783, *lv denied* 64 NY2d 607).

We also find that the Court of Claims properly dismissed, as premature, the fourth cause of action for malicious prosecution since claimants have failed to allege that an underlying civil proceeding between the same parties terminated in claimants' favor (*Broughton v State of New York,* 37 NY2d 451, 457; *Campion Funeral Home v State of New York,* 166 AD2d 32, 36, *lv denied* 78 NY2d 859).

The fifth cause of action was also properly dismissed since the mere commencement of the underlying civil action, and the issuance, via proper judicial process, of provisional orders of attachment enjoining claimants from transferring or secreting assets, are insufficient to form the basis for an abuse of process claim (*Curiano v Suozzi,* 63 NY2d 113, 116; *Matthews v New York City Dept. of Social Servs.,* 217 AD2d 413, 415).

However, as the State concedes on appeal, the Court of Claims committed error in granting summary judgment dismissing the first cause of action for breach of contract as time-barred based upon the claimants' alleged failure to comply with State Finance Law § 112, since it cannot be determined, on the present record, whether or not the parties' contract was in compliance therewith, approved and filed with the State Comptroller. We modify accordingly. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ.