■ GLENDA PLUMMER et al., Respondents, v STEVEN J. BENDER et al., Defendants, and NOVICK, EDELSTEIN, LUBELL, REISMAN, WASSERMAN, & LEVENTHAL, P. C., Appellants. [650 NYS2d 523] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about October 19, 1995, which denied Novick, Edelstein's summary judgment motion dismissing the plaintiff's complaint, unanimously reversed, to the extent appealed from, as limited by the appellant's brief, on the law, with costs, to grant the motion for summary judgment dismissing the remaining claims of abuse of process and prima facie tort.

---

The claims for both abuse of process and prima facie tort should have been dismissed against the law firm defendants (*see, Curiano v Suozzi*, 63 NY2d 113). Plaintiffs have not demonstrated that the action, or the subsequent contempt proceedings, were initiated by the firm on behalf of the Benders, with the inexcusable intent to cause harm to the Plummers; that the legal process was otherwise used in a perverted manner to obtain a collateral objective (*Curiano v Suozzi, supra; Matthews v New York City Dept. of Social Servs.*, 217 AD2d 413, 415, *lv denied* 87 NY2d 812 [abuse of process]); or that disinterested malevolence was plaintiffs' sole motivation for the action (*Curiano v Suozzi, supra; Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333 [prima facie tort]). Rather, the record supports a finding that the firm's actions were legitimately aimed toward restoring the Benders to possession of the subject apartment. Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.