■ Francesca R. Sborgi, Appellant, v James Green et al., Respondents. [722 NYS2d 14] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 5, 2000, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff alleges that she was defamed by defendant, a bishop of her Church and ecclesiastical leader of her congregation, when, in connection with her employment application with a university run by the Church, he told a university official whose duties included evaluations of job applicants that plaintiff is an "unstable person" and that "her children are disturbed." Such statements were protected by a qualified privilege, the issue being whether plaintiff's allegations of malice are sufficient to overcome the privilege, i.e., sufficient to permit an inference that defendant "acted out of personal spite or ill will, with reckless disregard for the statements' truth or falsity, or with a high degree belief that [his] statements were probably false" (*Foster v Churchill*, 87 NY2d 744, 752). They do not. Upon the basis of the complaint, as amplified by plaintiff's opposition, the only reasons offered for inferring defendant's malice are the falsity of the statements and plaintiff's refusal on an earlier occasion to take defendant's advice to reunite with her ex-husband. However, neither falsity nor the existence of prior earlier disputes between the parties permits an inference of malice as above defined (*see, Shapiro v Health Ins. Plan*, 7 NY2d 56, 61, 64). While the statements were frank, the expressions used were not beyond what was necessary for the purposes of the communication, both speaker and listener having a common interest in plaintiff's character and fitness as a prospective teacher and promoter of their faith, or otherwise "so vituperative" as to warrant an inference of malice (*cf., Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 259-260). As the IAS court concluded, suspicion, surmise and accusation are not enough to infer malice (*Shapiro v Health Ins. Plan, supra*, at 64). We have considered plaintiff's other arguments and find them unavailing. Concur—Williams, J. P., Tom, Andrias and Buckley, JJ.