■ IRA E. BERLINER, Appellant-Respondent, v STEVEN BURTON et al., Respondents-Appellants. (Action No. 1.) IRA E. BERLINER, Appellant-Respondent, v GRANT WEINHAUS, L. L. P., et al., Respondents-Appellants. (Action No. 2.) [724 NYS2d 627] —In two related actions, *inter alia*, to recover damages for malicious prosecution and abuse of process, (1) the plaintiff in both actions appeals from so much of two orders of the Supreme Court, Westchester County (Colabella, J.), both dated October 18, 1999 (one in each action), as denied his motion to disqualify the defendants' attorney in both actions, and granted those branches of the defendants' separate cross motions which were for summary judgment dismissing the complaints, and (2) the defendants in both actions cross-appeal from so much of the same orders as denied those branches of their cross motions which were for costs and an award of an attorney's fee.

Ordered that the orders are affirmed, with one bill of costs to the defendants payable by the plaintiff.

In the instant actions to recover damages for malicious prosecution and abuse of process, the plaintiff alleges that Steven Burton and Mary Burton, the defendants in Action 1, and their attorneys, Grant Weinhaus, L. L. P., Jeffrey D. Grant, and Eric P. Blaha, who are the defendants in Action 2, named him as a defendant in an action involving real property despite the fact that he is not the owner of the real property, and therefore acted maliciously with an intent to harass and embarrass him. However, the real property action was voluntarily discontinued against the plaintiff. After the defendants made out a prima facie case for summary judgment, the plaintiff failed to raise any triable issue of fact as to the malicious intent of either set of defendants in commencing the other action (*see, Burt v Smith,* 181 NY 1, 5; *Realty by Frank Kay v Majestic Farm Supply,* 160 AD2d 789, 790). Thus, the Supreme Court did not err in dismissing his claim based on malicious prosecution.

Similarly, the plaintiff failed to raise a triable issue as to the defendants' intent to harm him or to use process improperly to obtain a collateral objective (*see, Curiano v Suozzi,* 63 NY2d

113, 116; *see also, Park v State of New York,* 226 AD2d 153; *Matthews v New York City Dept. of Social Servs.,* 217 AD2d 413). Thus, the Supreme Court correctly dismissed the cause of action to recover damages for abuse of process.

In light of our determination, the issue regarding the plaintiff's motion for disqualification is academic.

Additionally, the Supreme Court properly declined to award costs and attorneys' fees (*see,* 22 NYCRR 130-1.1). Krausman, J. P., Friedmann, Feuerstein and Smith, JJ., concur.