■ HERMINE HANLIN, Appellant, v ELLIOT STERNLICHT, Respondent. [775 NYS2d 146]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered June 26, 2003, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Liberally construed, the complaint alleges that plaintiff's contract as a bridge instructor with the 92nd Street YMHA/YWHA (the Y) was not renewed because defendant, hired by the Y as a summer substitute for plaintiff, slandered plaintiff by telling the Y that plaintiff is "incompetent" and that students had told him that "they had not even learned [from plaintiff] the fundamentals" of bridge. Such statements were protected by the common-interest privilege (*see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]), the only conceivable issue being whether plaintiff's allegations of malice are sufficient to overcome the privilege (*see Sborgi v Green*, 281 AD2d 230 [2001]). They are not. Plaintiff's allegations that defendant made the offending statements in order to get her job rest only on surmise and conjecture, not evidentiary facts. Certainly, the statements themselves do not go beyond the Y's interest in plaintiff's com-

petence as an instructor and her students' attitude toward her, and are not "otherwise 'so vituperative' as to warrant an inference of malice" (*see Sborgi* at 230, quoting *Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 260 [1995]). We have considered and rejected plaintiff's other arguments. Concur—Nardelli, J.P., Saxe, Sullivan and Gonzalez, JJ.