[812 NYS2d 14]

Anna Pezhman, Appellant, v City of New York et al, Respondents.

First Department, March 21, 2006

## APPEARANCES OF COUNSEL

*Anna Pezhman*, appellant pro se.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Marta Ross, Edward F.X. Hart* and *Michael Blauschild* of counsel), for respondents.

## OPINION OF THE COURT

SAXE, J.

Plaintiff began working as a New York City teaching fellow at PS 246 on March 1, 2004, under the supervision of its principal, Jackquelyn H. Young. Plaintiff alleges that around March 17, 2004, she complained to the manager of the NYC Teaching Fellows program that she was not receiving sufficient mentoring and lesson plan development and that the paraprofessional teaching assistant assigned to her class, Louisa Albritton, in dereliction of her duties, did not stay in the classroom with the students. On March 26, 2004, Young told plaintiff that she had learned of the latter's complaint, and asked for plaintiff's resignation; plaintiff declined. Young then told plaintiff to "call in for another assignment." However, plaintiff did not secure a new assignment, and she alleges that during the three months that followed, Young and the paraprofessional took numerous steps to create grounds to have plaintiff fired and lose her teaching license. Among those acts were two letters written by Young.

On May 3, 2004, Young sent a letter to Irma Zardoya, the superintendent of Region 1, with copies to the executive director of the Division of Personnel and the administrator of the Medical Bureau, requesting a medical examination of plaintiff, asserting that:

- plaintiff had been seen ingesting pills during class time;

- she often had a glazed look in her eyes and stared off into the distance during instructional time with students or sat and twirled locks of her hair;

- on several occasions, she screamed at her students in an uncontrollable manner;

- she is often unfocused in conversation;

- she often exhibits a lack of sound professional judgment as evidenced by some of her statements and actions in front of students and colleagues.

On June 29, 2004, Young wrote to David Parker, the local instructional superintendent for District 1, with a copy to the teachers' union representative, recommending that plaintiff be discontinued from service, listing complaints about her, including the following:

- she missed some of her scheduled meetings with her mentor due to absenteeism and/or forgetfulness;

- the students refused to be in the classroom alone with Ms. Pezhman, and felt she was trying to goad them into physically harming her;

- her classroom management style was unsatisfactory and the classroom often messy, with books strewn about the floor, graffiti on the desks, chairs and walls;

- several staff members as well as the custodian made complaints concerning her mental competence and her display of symptoms associated with paranoia;

- she has poor interpersonal skills, and had alienated most of the staff;

- her accounts of events often conflict with those of everyone else directly involved;

- two allegations of ''corporal punishment'' were made against her, each dealing with inappropriate comments or yelling at the students;

- every staff member who has tried to work with plaintiff had complained or expressed concern that plaintiff is ''on something,'' or is a racist, or should not work with children.

It is further alleged that on May 17, 2004, at a meeting with the parents of one of plaintiff's students, Young told them that plaintiff was the cause of their son's problems and that she (Young) would terminate plaintiff at the end of the semester.

On August 13, 2004, the community superintendent for District 10 terminated plaintiff.

Plaintiff served a notice of claim, and three months later commenced the instant lawsuit pro se. Her complaint alleges defa-

mation based upon the statements made by Young in the two letters, which plaintiff asserts

> "fraudulently and libelously represented Pezhman as a drug-induced racist, a paranoic, mentally incompetent teacher who alienates her colleagues and students, and an intransigent subordinate who has failed in implementing the suggestions defendant has made in terms of the upkeep of Pezhman's classroom, and in maintaining appointments with plaintiff's mentor."

Defendants moved to dismiss pursuant to CPLR 3211 (a) (1), (2), (5), and (7). In opposition, plaintiff submitted, inter alia:

- a letter from the assistant principal of the first school she worked at, PS/IS 187, stating that plaintiff "was always on time, always very helpful in the classroom" and "appeared to have a work ethic that she really wanted to teach; she wanted to make a difference in students' lives."

- a letter from a colleague at PS 246, saying that plaintiff was "an outgoing, vivacious person whom I have had enjoyable conversations with" and "a competent worker and friendly colleague."

- letters and an affidavit from her students' parents, saying she was a good teacher.

- an affidavit from Nathan Goldberg, the NYC teaching fellow whom she had replaced, asserting that Young gave him insufficient feedback and support, and that when he asked Young for support, she recommended that he resign. Goldberg further stated that Albritton, the paraprofessional teaching assistant, had caused problems in the classroom.

The IAS court granted defendants' motion to dismiss in its entirety.[1] We reverse, holding that the complaint is sufficient to plead a cause of action for defamation against defendant Department of Education of the City of New York.

Initially, the court correctly held that because the alleged statements disparaged and injured plaintiff in her profession, her complaint sufficiently pleads a cause of action for defamation per se, so she need not prove pecuniary loss (*see Liberman*

---

1. The IAS court's dismissal of the cause of action for tortious interference with contract is not challenged on appeal.

*v Gelstein*, 80 NY2d 429, 434-435 [1992]). In any event, the allegation that the defamation caused her economic harm through revocation of her professional teaching license is sufficient to plead defamation (*id.*). The court also correctly held that Young's statements to Department of Education officials in the scope of her employment rendered the claim against the Department of Education proper on a theory of vicarious liability.

As to the specificity needed for a defamation cause of action (CPLR 3016 [a]), as the motion court held, the allegations reciting the content of Young's letters contain sufficient specificity as to the exact words and the time and manner in which Young's assertions were made. In essence, Young is specifically alleged to have asserted that plaintiff was abusing drugs, was paranoid, mentally incompetent and racist, and had engaged in what Young called "corporal punishment."[2]

Despite the foregoing, the motion court dismissed the complaint, reasoning that plaintiff had failed to dispute the truth of those statements, except those relating to her purported drug use, and that plaintiff's failure to dispute the truth of the remaining statements rendered them not defamatory. The court concluded that in any event, Young's statements and the circumstances surrounding them were insufficient to demonstrate malice so as to overcome the qualified common interest privilege.

We disagree. The complaint repeatedly refers to Young's statements about plaintiff as false or fraudulent representations or misrepresentations. These denials constitute a sufficient denial of the truth of the statements that form the basis of the defamation claims to survive this dismissal motion to the extent it is based upon the truth of the statements. This is particularly so since "a *pro se* complaint should be construed liberally in favor of the pleader" (*Rosen v Raum*, 164 AD2d 809, 811 [1990]).

Furthermore, the content and context of the statements are sufficient to potentially establish malice. Malice, defined as "personal spite or ill will, or culpable recklessness or negligence" (*Stukuls v State of New York*, 42 NY2d 272, 279 [1977], quoting *Shapiro v Health Ins. Plan of Greater N.Y.*, 7 NY2d 56, 61 [1959], quoting *Hoeppner v Dunkirk Print. Co.*, 254 NY 95, 106 [1930]), "refers not to defendant's general feelings about plaintiff, but

---

**2.** Young's letter describes the two instances of claimed "corporal punishment" as either yelling at students or making inappropriate comments.

to the speaker's motivation for making the defamatory statements" (*Liberman v Gelstein*, 80 NY2d at 439). Although allegations of malice may not rest on mere surmise and conjecture (*see e.g. Hanlin v Sternlicht*, 6 AD3d 334 [2004]), on a motion to dismiss, a plaintiff is not obligated to show evidentiary facts to support her allegations of malice (*see Arts4All, Ltd. v Hancock*, 5 AD3d 106, 109 [2004]).

In any event, it is plaintiff's claim that Young's defamatory statements were part of a campaign of harassment conducted in retaliation for plaintiff's complaint to the Teaching Fellows program. While Young's letters to Department of Education officials could have been a legitimate means of advancing the Department's interests, it is also possible that they were motivated, as plaintiff suggests, solely by ill will towards plaintiff resulting from plaintiff's initial complaint (*see Stukuls*, 42 NY2d at 282). The question of Young's motivation is not amenable to determination here as a matter of law.

We also reject defendants' contention that as a matter of law the challenged assertions constitute entirely nonactionable opinion (*see Gross v New York Times Co.*, 82 NY2d 146, 153 [1993]).

Finally, we have considered defendants' arguments that plaintiff failed to exhaust her administrative and contractual remedies and should have brought a CPLR article 78 proceeding, and find them to be without merit.

Accordingly, the order and judgment (one paper) of the Supreme Court, Bronx County (Lucy Billings, J.), entered September 1, 2005, which, to the extent appealed from, granted defendants' motion pursuant to CPLR 3211 to dismiss plaintiff's defamation claims, should be modified, on the law, the motion denied as to plaintiff's defamation claims against defendant Department of Education, the defamation cause of action reinstated, and as so modified, affirmed, without costs.

ANDRIAS, J.P., FRIEDMAN, CATTERSON and MALONE, JJ., concur.

Order and judgment (one paper), Supreme Court, Bronx County, entered September 1, 2005, modified, on the law, defendants' motion denied as to plaintiff's defamation claims against defendant Department of Education, the defamation cause of action reinstated, and as so modified, affirmed, without costs.