■ PHILIP A. FAIN et al., Appellants, v KEITH E. GLEASMAN et al., Respondents. [824 NYS2d 749]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered November 28, 2005. The order, insofar as appealed from, granted that part of defendants' motion to dismiss the complaint with respect to the statements in the July 22, 2005 corporate form 8-K filing with the Federal Securities and Exchange Commission.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, that part of the motion to dismiss the complaint with respect to the statements in the July 22, 2005 corporate form 8-K filing with the Federal Securities and Exchange Commission is denied and that part of the complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking to recover damages for, inter alia, allegedly libelous statements made in a corporate form 8-K filing with the Federal Securities

and Exchange Commission. We agree with plaintiffs that Supreme Court erred in granting that part of defendants' motion to dismiss the complaint for failure to state a cause of action with respect to the statements in the form 8-K filing. In granting that part of defendants' motion, the court determined that the statements made in the form 8-K filing are nonactionable expressions of opinion, that such statements in any event are shielded by a qualified privilege, and that, despite alleging malice, plaintiffs failed to make an "evidentiary showing" of malice. Contrary to the court's determination, we conclude that the statements are sufficiently factual to be actionable (*see Curry v Roman*, 217 AD2d 314, 319 [1995], *lv denied* 88 NY2d 804 [1996]; *see generally Brian v Richardson*, 87 NY2d 46, 51 [1995]; *Gross v New York Times Co.*, 82 NY2d 146, 152-153 [1993]). We further conclude that the complaint with respect to those statements sets forth nonconclusory allegations of constitutional and common-law malice sufficient to withstand the motion to dismiss (*see Pezhman v City of New York*, 29 AD3d 164, 168-169 [2006]; *see generally Liberman v Gelstein*, 80 NY2d 429, 437-438 [1992]; *Stukuls v State of New York*, 42 NY2d 272, 279 [1977]). "Although allegations of malice may not rest on mere surmise and conjecture . . . , on a motion to dismiss, a plaintiff is not obligated to show evidentiary facts to support [his or] her allegations of malice" (*Pezhman*, 29 AD3d at 169). Present—Kehoe, J.P., Martoche, Centra, Green and Pine, JJ.