Dolcimascolo v Board of Mgrs. of Dorchester Towers Condominium (2024 NY Slip Op 03130)

Dolcimascolo v Board of Mgrs. of Dorchester Towers Condominium

2024 NY Slip Op 03130

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Oing, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 150136/21 Appeal No. 1952 Case No. 2023-00491 

[*1]Antonino Dolcimascolo et al., Appellants,
v
Board of Managers of Dorchester Towers Condominium, et al., Respondents.

Drohan Lee LLP, New York (Vivian R. Drohan of counsel), for appellants.
Kesch Law Group PLLC, New York (Craig S. Kesch of counsel), for respondents.

Order, Supreme Court, New York County (William Franc Perry, J.), entered on or about September 30, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to deny defendants' motion as to the defamation claim, and otherwise affirmed, without costs.
By their notice of appeal, plaintiffs appeal only from the court's dismissal of their first cause of action for defamation, third cause of action for malicious prosecution, and fourth cause of action for negligence. Thus, the challenges to those causes of action are the only ones properly before this Court (see CPLR 5515[1]; Symbax, Inc. v Bingaman, 219 AD2d 552, 554 [1st Dept 1995]; Harvey v Mazal Am. Partners, 179 AD2d 1, 5 [1st Dept 1992]).
Plaintiffs' allegations in the complaint met the heightened pleading standard for defamation by pleading with particularity the substance, place, and manner of the alleged defamatory statements (see CPLR 3016[a]; Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999]). While defendants assert, correctly, that statements made to police or the district attorney's office are generally privileged (see Present v Avon Prods., 253 AD2d 183, 187-188 [1st Dept 1999], lv dismissed 93 NY2d 1032 [1999]), the holder of a qualified privilege may be sued for defamation if the statement was made with malice (see Liberman v Gelstein, 80 NY2d 429, 437 [1992]; Pezhman v City of New York, 29 AD3d 164, 168-169 [1st Dept 2006]).
According plaintiffs the benefit of every possible inference to be had from the allegations in the complaint (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we find that plaintiffs have sufficiently pleaded the malice requirement necessary to survive dismissal of the defamation cause of action as to both falsity and malice (see Pezhman, 29 AD3d at 168-169). The pleadings and documentary evidence introduced thus far reveal an undeniably fraught relationship between the parties. On the one hand, this alleged history indicates habitual disturbance on the part of plaintiffs, with defendants summoning police, lending some credibility that plaintiff Antonino Dolcimascolo behaved as defendant Kelly Ann Whipple described in the statements at issue. On the other hand, Whipple certainly could have had a motive to be untruthful or embellish the truth to stop plaintiffs' protests outside the building. Moreover, the complaint alleges that Whipple told plaintiffs that they "did not fit in with the building," potentially indicating a degree of animus against them. In addition, the complaint sufficiently denies the truth of Whipple's statements concerning the alleged interactions between plaintiff and herself to support a defamation claim (see id. at 168).
The malicious prosecution cause of action was correctly dismissed (see Corsini v Morgan, 123 AD3d 525, 526 [1st Dept 2014], lv dismissed 25 NY3d 1084 [2015]; Du Chateau v Metro-North Commuter R.R. Co., 253 AD2d 128, 131[*2][1st Dept 1999]). The individual defendants did sign the charging documents on or about August 16, 2019. However, the only other noted engagement by defendants in the record regarding the criminal proceeding against Dolcimascolo was the January 16, 2020 email by one of the individual defendants in support of her request for a continued and strengthened order of protection. Moreover, plaintiffs stress that no evidence was provided in connection with the criminal proceeding and defendants failed to prosecute the charges.
As to the negligence claim, plaintiffs assert on appeal that the managing agent failed to properly supervise its employees. However, plaintiffs fail to elaborate on any specific negligent conduct. Notably, Dolcimascolo's arrest, upon which this action is premised, occurred after plaintiffs' tenancy was terminated, and the condominium's employees no longer owed them a duty of care to give rise to a negligence claim (see Pulka v Edelman, 40 NY2d 781, 782 [1976]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024