| |
|:---:|
| **Jane Doe v John Doe** |
| 2024 NY Slip Op 32568(U) |
| July 25, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155961/2020 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    **HON. LORI S. SATTLER**         **PART**          **02M**

*Justice*

-------------------------------------------------------------------------------X

JANE DOE,

                         Plaintiff,

               - v -

JOHN DOE,

                         Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155961/2020 |
| **MOTION DATE** | 06/29/2023 |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 82, 83, 84, 85, 86, 87, 88

were read on this motion to/for                       DISMISS            .

       Plaintiff commenced this action against Defendant alleging sex discrimination and retaliation under the New York State and City Human Rights Laws, intentional infliction of emotional distress, assault and battery, and asserting claims pursuant to Administrative Code of the City of New York § 8-107(19) and CPLR § 231-C. Defendant filed an Amended Answer with Counterclaims (NYSCEF Doc. No. 78, "Amended Answer") in which he asserts counterclaims for defamation *per se*, defamation, and abuse of process. Plaintiff now moves to dismiss Defendant's counterclaims. Defendant opposes the motion.

       It is undisputed that Plaintiff was employed as a nanny by Defendant and his wife, and that after Plaintiff was hired, she and Defendant engaged in sexual activity on several occasions. In her Complaint, Plaintiff alleges Defendant sexually harassed her multiple times and that at least the first sexual encounter with Defendant was rape. She states that she believed that she could not tell Defendant no, in part due to their age difference and the power dynamic of their relationship.

**155961/2020   DOE, JANE vs. DOE, JOHN**                **Page 1 of 5**
**Motion No.  007**

1 of 5

[* 1]

Defendant filed the Amended Answer in which he claims that the sex acts were consensual. In furtherance of his counterclaims, he alleges that Plaintiff filed a false police report and made two meritless complaints to child protective services in which she claimed Defendant was sexually abusing his daughter (Amended Answer, 17, 19, 20; *see also* NYSCEF Doc Nos. 85-86). The Amended Answer alleges that the reports were filed "as a means to further bolster this lawsuit" (Amended Answer, 19). According to the pleading, Plaintiff's reports were "deemed unfounded" and no additional action was taken by either agency (*id.*). Defendant also alleges that "on or about December 16th or 17, 2019" Plaintiff "told WITNESS A that she believed she might have been raped by Defendant" and told Defendant's wife "that Defendant was a 'creep' and to be wary of him" (*id.* at 17).

On a motion to dismiss pursuant to CPLR § 3211(a)(7), the Court must accept as true the facts alleged in the pleading and grant the non-moving party every possible inference (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]). "A motion to dismiss under CPLR 3211(a)(7) for failure to state a cause of action must be denied if the factual allegations contained within the four corners of the pleading manifest any cause of action cognizable at law" (*M&E 73-75 LLC v 57 Fusion LLC*, 189 AD3d 1, 5 [1st Dept 2020]). However, "factual allegations which fail to state a viable cause of action" or "that consist of bare legal conclusions . . . are not entitled to such consideration" (*Leder v Spiegel*, 31 AD3d 266, 267 [1st Dept 2006]).

A plaintiff states a cause of action for defamation *per se* by alleging "(1) a false statement that is (2) published to a third party (3) without privilege or authorization and that (4) . . . is one of the types of publications actionable regardless of harm" (*Stepanov v Dow Jones & Co., Inc.*, 120 AD3d 28, 34 [1st Dept 2014]). A cause of action for defamation requires "a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a

**155961/2020   DOE, JANE vs. DOE, JOHN**
**Motion No.  007**

**Page 2 of 5**

2 of 5

minimum, a negligence standard, and it must either cause special harm or constitute defamation per se" (*Dillon v City of New York*, 261 AD2d 34, 38 [1st Dept 1999]).

The doctrine of qualified immunity shields individuals who act "in the discharge of some public or private duty, legal or moral, or in the conduct of [their] own affairs, in a matter where [their] interest is concerned" (*Sagaille v Carrega*, 194 AD3d 92, 95 [1st Dept 2021] *lv denied* 37 NY3d 909, quoting *Rosenberg v MetLife, Inc.*, 8 NY3d 359, 365 [2007]). Statements made to the police and to child protective services are therefore protected by qualified privilege, which Defendant can only overcome by sufficiently alleging that the statements were made with "actual malice" (*Sagaille*, 194 AD3d at 95; *Dunajewski v Bellmore-Merrick Cent. High School Dist.*, 138 AD2d 557 [2d Dept 1988]). This requires Defendant to allege that Plaintiff "acted out of personal spite or ill will, with reckless disregard for the statement's truth or falsity, or with a high degree of belief that [her] statements were probably false" (*Sborgi v Green*, 281 AD2d 230, 230 [1st Dept 2001]).

The Amended Answer fails to sufficiently allege actual malice. Accepting the facts alleged in Defendant's pleading as true, the filing of the police report and complaints to child protective services in and of themselves are insufficient to plead actual malice. Moreover, Plaintiff's statements to the police are straightforward and succinct; nothing contained in the report annexed to the papers is excessive or "vituperative" sufficient to support an inference of actual malice (*Sagaille*, 194 AD3d at 96, citing *Sborgi*, 281 AD2d at 230).

The allegations regarding statements made to WITNESS A and Defendant's wife are also insufficient to maintain defamation causes of action. The pleading "must allege the time, place and manner of the false statement and specify to whom it was made" (*Dillon*, 261 AD2d at 40 [citations omitted]). The Amended Answer does not state the place and manner in which

**155961/2020   DOE, JANE vs. DOE, JOHN**
   **Motion No.  007**

**Page 3 of 5**

3 of 5

Plaintiff allegedly made these statements. Additionally, the statements allegedly made to Defendant's wife constitute non-actionable statements of pure opinion (*Steinhilber v Alphonse*, 68 NY2d 283, 289 [1986]; *Wiener v Doubleday*, 142 AD2d 100, 105 [1st Dept 1988]).

Defendant further argues that Plaintiff cannot seek dismissal of the defamation cause of action because she had previously sought to dismiss Defendant's original Answer with Counterclaims (NYSCEF Doc. No. 25), which included a counterclaim for defamation, and that that motion was denied (NYSCEF Doc. No. 48 [Hom, J.]). The Court is not required to deny dismissal of this cause of action simply because the Court declined to dismiss the claim as pled in an earlier pleading (*Cobalt Partners, L.P. v GSC Capital Corp.*, 97 AD3d 35, 39 [1st Dept 2012]). The law of the case doctrine is discretionary, and the Amended Answer differed from the original answer (*see id.*). Therefore, Defendant's counterclaims for defamation *per se* and defamation are dismissed.

"Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). "A malicious motive does not alone give rise to a cause of action for abuse of process" (*Matthews v New York City Dept of Social Servs., Child Welfare Admin.*, 217 AD2d 413, 415 [1st Dept 1995] citing *Curiano*, 63 NY2d at 116). The Amended Answer alleges that "Plaintiff intended to do harm to Defendant without excuse or justification by, *inter alia*, having him arrested prosecuted, and convicted for those crimes. Plaintiff also had the collateral objective of using those false police reports and the resultant criminal proceedings to benefit her in these civil proceedings" (Amended Answer, 21). These allegations are both conclusory and insufficient to state a claim for abuse of process. Therefore, Defendant's counterclaim must be dismissed.

**155961/2020   DOE, JANE vs. DOE, JOHN**
**Motion No.  007**

**Page 4 of 5**

Accordingly for the reasons set forth herein it is hereby:

ORDERED that Plaintiff's motion is granted and Defendant's counterclaims are dismissed; and it is further

ORDERED that this action is transferred to Justice Suzanne Adams.

This constitutes the Decision and Order of the Court.

| 7/25/2024 | | | | | |
|-----------|--|--|--|--|--|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155961/2020   DOE, JANE vs. DOE, JOHN**
**Motion No.  007**

**Page 5 of 5**