OPINION OF THE COURT
Gabrielli, J.
The dispositive question on this appeal is whether a letter sent by defendant to certain customers of plaintiff could properly be found to be defamatory, or whether as a matter of law the letter is not defamatory. Plaintiff is an interior decorator and office space planner, and defendant is in the business of extending credit to businesses which assign to defendant their accounts receivable. Plaintiff purchased certain office equipment from Computer and Office Equipment Corp. for use in the offices of its clients. Although the equipment was shipped directly to the clients, the actual purchaser and the party billed for the equipment was plaintiff. Computer assigned its accounts receivable to defendant, which sent letters to all of Computer’s customers informing them of the assignment and instructing them to make all future payments directly to defendant. Similar letters were erroneously sent to those of plaintiff’s clients who had received equipment from Computer, even though the recipients did not owe any money to Computer and had in fact already paid plaintiff in full. Plaintiff alleges that it in turn had paid Computer all moneys then owing, but defendant contends that according to its records, all the payments had not been made to it. This factual dispute is irrelevant, however, as we have concluded that the letter itself is not defamatory and thus may not serve as the basis for an action in defamation.
The letter sent to plaintiff’s clients read as follows:
"Re: Computer & Office Equipment Corporation
"Gentlemen:
*53 "We are the assignee of all the accounts receivable of the captioned corporation.
"Computer was the supplier of the goods referred to in the invoices listed on the enclosed statements.
"All payments on the listed invoices must be made directly to us, and should not be made either to Computer or to Wilke Davis Mitchell Planning, Inc. [plaintiff].
"This notice is given to you pursuant to section 9-502 of the New York Uniform Commercial Code. It is important that you comply with the provisions of this letter and the notice at the bottom of the enclosed statement to avoid potential double liability for the listed invoices.”
The alleged defamation contained in the letter is that the plaintiff is not paying its bills. Such an allegation might, of course, cause damage to plaintiffs business, since it is one in which the clients are in large part dependent upon the good faith and expertise of the decorator who agrees to fully decorate an office in return for a set fee. A statement, if in fact made, that the decorator is not paying for the equipment for which it has already been paid by its clients, could do considerable harm to the decorator’s professional reputation. The letter in question, however, makes no such statement. Plaintiff seeks to avoid this result by arguing that it makes such a statement by innuendo. We disagree.
The determination whether statements which are not defamatory on their face may in fact be defamatory because of the use of innuendo is one which must be made by the court (Tracy v Newsday, Inc., 5 NY2d 134). In the instant case, the challenged letter, although worded rather awkwardly, is merely a common announcement of a normal business practice, namely, the assignment of accounts receivable. The possible reasons for such an assignment are manifold, and such an announcement may not reasonably be taken as an indication that those involved are in financial difficulties. To allow such a letter to stand as the basis for an action in defamation would be to place an undue burden upon a type of financing essential to our economic system. That the defendant allegedly had no right to any moneys from plaintifFs clients does not change this result. While in a proper case such a letter might possibly serve as a part of the basis for another type of action, such as interference with contract or conversion, it is simply not defamatory.
*54 Accordingly, the order appealed from should be reversed, with costs, the plaintiffs second cause of action should be dismissed, and the question certified should be answered in the negative.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Fuchsberg concur with Judge Gabrielli.
Order reversed, etc.