*156 OPINION OF THE COURT
David B. Saxe, J.
Edward M. Miller, an anchorman and news reporter at television station WPIX and his wife, Kathleen Gallagher, have sued Geloda/Briarwood Corporation (Geloda) claiming that it breached certain express and implied warranties to them in connection with a sale of a penthouse condominium by Geloda. Specifically, the plaintiffs allege that structural deficiencies in the construction of the building resulted in leaks during heavy rainstorms; that the leaks caused not only substantial damage to their property but that they suffered mental distress stemming from their inability to entertain friends and clients in their penthouse.
Prior to instituting this suit, plaintiff Miller contacted various city and State agencies including the Attorney-General’s office, the city’s Buildings Department, the Department of Consumer Affairs and a city councilman to lodge complaints about defendant Geloda. While a dissatisfied tenant may lawfully complain about his landlord, in complaining to the Attorney-General’s office and the Buildings Department, the defendant alleges that Miller may have acted tortiously. It appears that when Miller contacted these agencies he not only complained about the defendant, but he allegedly abused his position as a media personality by threatening to publicize his dissatisfaction with the Attorney-General’s office, the Buildings Department and defendant if his demands were not met with immediate action. It is this attempted assertion of influence that forms the basis of defendant’s contention that Miller abused his position to gain an undeserved preference in complaint resolution. Thus, plaintiff’s alleged misuse of his position forms the basis of defendant’s counterclaim that anchorman Miller committed a prima facie tort.
Plaintiffs have now moved to dismiss the counterclaim on the ground that it fails to state a cause of action under CPLR 3211. For the reasons stated below, that motion is granted.
The issue presented is whether, in complaining to the Attorney-General’s office and the Buildings Department regarding alleged structural deficiencies of the building, a prima facie tort was committed by Miller because he identified himself as an anchorman and threatened to publicize his dissatisfaction with both the Attorney-General’s office and Buildings Department and defendant Geloda if his complaints were not dealt with in an efficient manner.
*157 It is well settled that four elements must be alleged and established in order to successfully plead a prima facie tort: (1) intentional infliction of harm, (2) resulting in special damages, (3) without any excuse or justification, and (4) by an act or series of acts which would otherwise be lawful. (Golub v Esquire Publ., 124 AD2d 528, 529 [1st Dept 1986].) Specifically, an allegation that the complaining party suffered "specific and measurable loss” is essential in order to satisfy the special damage requirement. (Wehringer v Helmsley-Spear, 91 AD2d 585, 586 [1st Dept 1982].) Broad and conclusory terms are insufficient to fulfill this critical element of prima facie tort.
Under the present circumstances, defendant Geloda has alleged that plaintiff Miller’s actions have resulted in one million dollars in damages. Defendant contends that it has specified identifiable damages. These include the payment of garage fees for parking of the plaintiff’s car and incurring of legal fees in connection with an investigation of plaintiff’s complaints and alleged threats to the Attorney-General’s office and Buildings Department. However, defendant has not alleged special damages with sufficient particularity. Overall, the defendant has stated its allegations in general terms and therefore has not satisfied the special damage element of prima facie tort.
More importantly, however, is the element of intent. Justice Holmes explained that "disinterested malevolence” is the standard by which intent must be established for prima facie tort. Thus, " 'the genesis which will make a lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage of another’ ” (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333 [1983], quoting Beardsley v Kilmer, 236 NY 80, 90 [1923]). However, if the intent is mixed, so that other motives are present, such as profit, self-interest or business advantage, then this mixture bars recovery under prima facie tort (Marcella v ARP Films, 778 F2d 112, 119 [2d Cir 1985]).
Here, the defendant has not shown that the plaintiff had the requisite intent to establish a basis for assisting that a prima facie tort was committed. Assuming as we must that the facts asserted by defendant are true (Morone v Morone, 50 NY2d 481 [1980]), plaintiff’s actions were not motivated solely by malice and the desire to harm defendant. Rather, any malicious intent was mixed with the motive of personal gain. In contacting and complaining to these governmental agencies *158 the plaintiff was attempting to compel the defendant to repair his penthouse. The plaintiff believed that he was entitled to have these repairs done by the defendant. Thus, without "disinterested malevolence” as the motive for causing harm to defendant, defendant’s counterclaim based upon prima facie tort must fail.
With regard to the discovery phase of litigation, defendant alleges that the plaintiffs have been uncooperative. Therefore, the defendant has made a cross motion to compel discovery. The cross motion is granted. Plaintiffs are ordered to comply with defendant’s discovery requests within 60 days from service of a copy of this decision and order with notice of entry thereon.
The motion to dismiss the counterclaim is granted.