■ Sophia Constant et al., Appellants, v Hallmark Cards, Inc., et al., Respondents, et al., Defendants.—In an action, *inter alia,* to recover damages for violation of General Business Law § 340 (the Donnelly Act), the plaintiffs appeal from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated June 30, 1989, which granted the motion by the defendants Hallmark Cards, Inc., Matt Brown, Joe Gottfried, Leon Karpowitz and Tom Holland, and the cross motion by the defendant Jon O. Aro to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and granted the motion by the defendants John Quinlan, Jim Nebel and John Bournias and Panagiota Bournias for summary judgment.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs claim to have suffered damages as a result of the failure of the defendant Hallmark Cards, Inc., to give consent to the sale by the plaintiffs of their interest in Baby

Nicholas, Inc., doing business as Sophia's Hallmark. We find that the Supreme Court properly dismissed the complaint.

The plaintiffs' first, fourth and sixth causes of action, brought pursuant to General Business Law § 340 (the Donnelly Act) were properly dismissed since the plaintiffs have not only failed to show how the economic impact of the alleged conspiracy restrains trade in the market *(see, Primo Constr. v Swig Weiler & Arnow Mgt. Co.,* 160 AD2d 379) but have also failed to adequately allege impairment of competition in a relevant market *(see, Associates Capital Servs. Corp. v Fairway Private Cars,* 590 F Supp 10, 13; *see also, International Tel. Prod. v Twentieth Century-Fox Tel. Div.,* 622 F Supp 1532, 1540).

The plaintiffs' twelfth cause of action, to recover damages for prima facie tort, likewise fails because the plaintiffs did not allege that the defendants' sole motivation in denying permission for the sale was "disinterested malevolence" *(see, Schlotthauer v Sanders,* 143 AD2d 84, 85; *see also, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333). Moreover, this cause of action also lacked a particularized statement of the reasonable, identifiable and measurable special damages *(see, Broadway & 67th St. Corp. v City of New York,* 100 AD2d 478, 486). Broad and conclusory terms are simply insufficient to fulfill this critical element of the allegations necessary to sustain a cause of action to recover for prima facie tort *(see, Miller v Geloda/Briarwood Corp.,* 136 Misc 2d 155, 157).

The plaintiffs' eighth and eleventh causes of action both for tortious interference, were properly dismissed because an enforceable contract was not entered into between the plaintiffs and the third party to whom the plaintiffs were to sell. The sublease provides that upon the transfer of 50% or more of the plaintiffs' interest in Baby Nicholas, Inc., the plaintiffs were required to obtain written consent from a subsidiary of the defendant Hallmark Cards, Inc., for the assignment of the sublease. The plaintiffs assert that they contracted with Eli Garber to transfer their remaining 50% interest in Baby Nicholas, Inc. However, the plaintiffs did not allege that they obtained prior written consent for the assignment of the sublease. Therefore, this documentary evidence conclusively establishes that the contract with Garber is not enforceable *(see,* CPLR 3211 [a] [1]). Since the plaintiffs have failed to allege a prima facie case the court properly found that this cause of action fails.

The plaintiffs' contention that the motion by the defendants

John Bournias and Panagiota Bournias (hereinafter the Bournias defendants) for summary judgment should not have been granted, is without merit. The thirteenth cause of action fails because the sublease agreement proffered in defense by the Bournias defendants conclusively establishes that the plaintiffs and the Bournias defendants did not enter into a valid contract (see, CPLR 3211 [a] [1]). Likewise, the fourteenth cause of action against the Bournias defendants for breach of a fiduciary duty fails because the relationship between the plaintiffs and the Bournias defendants was that of shareholders and not fiduciaries. Therefore, the Bournias defendants could not have breached any fiduciary duties (see, Bevilacque v Ford Motor Co., 125 AD2d 516, 519-520).

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.