■ MANUEL VARELA et al., Respondents, v INVESTORS INSURANCE HOLDING CORP., Defendant, and FRIESNER AND SALZMAN, Appellant.—In an action, *inter alia,* to recover damages for negligence, abuse of process, prima facie tort, malicious prosecution, libel, and violation of consumer protection statutes, the defendant Friesner and Salzman appeals from so much of an order of the Supreme Court, Queens County (Hentel, J.), dated July 5, 1990, as denied those branches of its motion which were for summary judgment dismissing all causes of action other than plaintiffs' cause of action sounding in negligence insofar as they are asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the appellant's motion to dismiss the plaintiffs' complaint insofar as it is asserted against it is granted in its entirety, and the action against the remaining defendant is severed.

The instant action arose out of the institution and prosecution of a debt collection action by the defendant Friesner and Salzman on behalf of its client, the codefendant Investors Insurance Holding Corp. (hereinafter Investors), against the plaintiffs. Essentially, Investors issued an insurance policy covering a building that the plaintiffs owned but rented to a tenant who conducted an automobile repair shop on the premises. Investors erroneously determined that the plaintiffs had been delinquent in payment of their insurance premium and retained the law firm of Friesner and Salzman to institute a collection action. The plaintiffs were never properly served with process and a default judgment was entered against them. The plaintiffs learned of the entry of the default judgment approximately a year and a half later. By that time, the plaintiffs' credit rating had suffered tremendously. The plaintiffs contacted Investors, which admitted that there had been a mistake and indicated that the mistake would be rectified. Eventually, the plaintiffs contacted Friesner and Salzman, which demanded that the plaintiffs remit payment in the amount of $60 before Friesner and Salzman would take any steps to issue a satisfaction of judgment. The plaintiffs were outraged but paid the $60 in an attempt to prevent further

derogatory credit ratings. A satisfaction of judgment, indicating that the debt had been settled, was thereafter entered.

The plaintiffs commenced the instant action alleging, *inter alia,* negligence, abuse of process, malicious prosecution, prima facie tort, libel, and violation of wrongful debt collection statutes. The Supreme Court granted Friesner and Salzman partial summary judgment dismissing the plaintiffs' negligence cause of action insofar as it was asserted against it but denied the motion with respect to the remaining causes of action. The instant appeal ensued.

We find that that the complaint failed to comply with the pleading requirements set forth in CPLR 3016 (a) and, as a result, the court should have granted that branch of the motion which was to dismiss the plaintiffs' cause of action sounding in libel. CPLR 3016 (a) requires that the particular words complained of be set forth in the complaint, but their application to the plaintiff may be stated generally. The requirement that the defamatory words must be quoted verbatim is strictly enforced *(see, Erlitz v Segal, Liling & Erlitz,* 142 AD2d 710, 712). Here, neither the complaint, nor the papers annexed thereto, set forth "particular words complained of" sufficiently to set forth a cause of action sounding in libel. The plaintiffs merely set forth the existence of an improper default judgment against them and the failure of the satisfaction of judgment to indicate that the debt was never actually owed or, at the very least, that it was contested. To permit the foregoing to stand as the basis for a cause of action sounding in defamation would place an undue burden on parties involved in debt collection proceedings *(cf., WDM Planning v United Credit Corp.,* 47 NY2d 50). Additionally, the plaintiffs' vague allegation that the satisfaction of judgment may reflect negatively on their credit rating is insufficient to state a cause of action sounding in libel.

In light of our determination, we do not address the question of whether the "statements" complained of were subject to an absolute or qualified privilege or whether the appellant was motivated by malice.

The plaintiffs allege that a cause of action lies to recover damages for abuse of process based upon Friesner and Salzman's alleged extortion of $60 from the plaintiffs before agreeing to enter a satisfaction of judgment. Abuse of process has three essential elements: (1) regularly issued process, (2) an intent to harm without excuse or justification, and (3) use of process in a perverted manner to obtain a collateral objec-

tive *(see, Curiano v Suozzi,* 63 NY2d 113). In order to sustain a cause of action to recover damages for abuse of process, the process complained of "must involve an injury to or an interference with one's person or property" *(Siegel v Smith, Panish & Shapiro,* 136 AD2d 620, 621). Assuming the truth of the facts pleaded along with every favorable inference to be derived therefrom, we find that the complaint was insufficient to state a cause of action sounding in abuse of process. Friesner and Salzman's improper demand for money does not make out the element of regularly issued civil or criminal process. While "process" is defined as a direction or demand that one perform or refrain from doing some prescribed act *(see, Williams v Williams,* 23 NY2d 592), it is clear that "the judicial process must in some manner be involved" (Prosser and Keeton, Torts § 121, at 898 [5th ed]; *Julian J. Studley, Inc. v Lefrak,* 41 NY2d 881).

Moreover, the plaintiffs' cause of action to recover damages for prima facie tort likewise fails because this cause of action lacked a particularized statement of the reasonable, identifiable, and measurable special damages *(see, Paroff v Muss,* 171 AD2d 782). "Broad and conclusory terms are simply insufficient to fulfill this critical element of the allegations necessary to sustain a cause of action to recover for prima facie tort" *(Constant v Hallmark Cards,* 172 AD2d 641, 642, citing *Miller v Geloda/Briarwood Corp.,* 136 Misc 2d 155, 157). Additionally, a review of the moving papers reveals that Friesner and Salzman was not motivated by an intent to injure the plaintiffs but rather to be paid for the services of entering a satisfaction of judgment. The plaintiffs have offered no proof showing a contrary intent *(see, Weaver v Putnam Hosp. Ctr.,* 142 AD2d 641).

Furthermore, the underlying transaction between the parties involved the collection of a business-related debt and is not within the consumer related statutes relied upon by the plaintiffs *(see,* General Business Law arts 29-H, 22-A; New York City Department of Consumer Affairs regulation 10). Further, the plaintiffs' allegations with respect to CPLR article 50 are not supported by the record. Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.