■ H. JOSEPH WATTS, Appellant, v CLARK ASSOCIATES FUNERAL HOME, INC., et al., Respondents. [651 NYS2d 585] —In an action, *inter alia*, to recover damages for breach of contract and antitrust violations, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered November 17, 1995, as granted those branches of the defendants' motions pursuant to CPLR 3211 which were to dismiss the third, fourth, and fifth causes of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff brought this action against the corporate and individual sellers and the corporate and individual buyers of a funeral home business, alleging, among other things, violations of New York's antitrust law, known as the Donnelly Act (General Business Law § 340). The court granted those branches of the motions of the sellers and buyers which were to dismiss four of the five causes of action asserted in the complaint. The plaintiff now contends that the court erroneously dismissed his third cause of action asserting a violation of the Donnelly Act, his fourth cause of action seeking punitive damages, and his fifth cause of action seeking rescission of the agreement between the sellers and buyers as well as specific performance of his own agreement with the individual buyer.

The Supreme Court properly concluded that the plaintiff's allegations were insufficient to state a cause of action under General Business Law § 340. A party asserting a violation of the Donnelly Act must identify the relevant market, describe the nature and effects of the purported conspiracy, allege how the economic impact of that conspiracy does or could restrain trade in the market, and set forth a conspiracy or reciprocal relationship between two or more legal or economic entities (*see, Anand v Soni*, 215 AD2d 420, 421). Here, the plaintiff's contention that he was precluded from purchasing an interest in one of the few existing funeral parlor businesses within Northern Westchester County does not adequately allege impairment of competition within a relevant market or show how the economic impact of the alleged conspiracy restrains trade in the market (*see, Constant v Hallmark Cards*, 172 AD2d 641, 642; *Van Dussen-Storto Motor Inn v Rochester Tel. Corp.*, 63 AD2d 244, 252).

The plaintiff's fourth cause of action seeking punitive dam-

ages based on his allegation that the defendants "exhibited an evil and wrongful motive and/or acted willfully and intentionally towards [him]" was properly dismissed, insofar as there is no separate cause of action for punitive damages (*Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 616; *Hubbell v Trans World Life Ins. Co.*, 50 NY2d 899, 901). Further, because the fifth cause of action for rescission was based on the Donnelly Act claim, dismissal of that count of the complaint was properly granted.

The plaintiff's remaining contention is without merit. Bracken, J. P., Thompson, Pizzuto and Luciano, JJ., concur.