■ DAVID SHAW et al., Appellants, v CLUB MANAGERS ASSOCIATION OF AMERICA, INC., et al., Respondents. [923 NYS2d 127]—

In an action, inter alia, to recover damages for a violation of the Donnelly Act (General Business Law § 340), the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered March 8, 2010, which granted the separate motions of the defendants Club Managers Association of America, Inc., and James Singerling, and the defendants Metropolitan Club Managers Association, Inc., Todd Zorn, Barry Chandler, Randall Ruder, Burton Ward, Michael Galluzo, Robert Kasara, Joseph Meluso, and Meg O'Connor to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action to recover damages for tortious interference with prospective economic advantage, defamation, and conspiracy insofar as asserted against each of them and substituting therefor a provision denying those branches of the

motions; as so modified, the order is affirmed, without costs or disbursements.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading must be afforded a liberal construction (*see* CPLR 3026; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). The facts as alleged in the complaint are accepted as true, with the plaintiff accorded the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d at 87-88). Applying this standard, the Supreme Court properly granted those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss the first, second, fourth, sixth, seventh, eighth, ninth, and tenth causes of action insofar as asserted against each of them. However, the Supreme Court erred in granting those branches of the defendants' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss the third, fifth, and eleventh causes of action insofar as asserted against each of them.

The Supreme Court properly dismissed the first cause of action alleging a violation of General Business Law § 340, also known as the Donnelly Act. "[T]o sufficiently state a violation of General Business Law § 340, a party must allege a conspiracy or a reciprocal relationship between two or more legal or economic entities, identify the relevant market affected, describe the nature and effect of the alleged conspiracy and the manner in which the economic impact of that conspiracy restrains trade in the market" (*Capitaland United Soccer Club v Capital Dist. Sports & Entertainment*, 238 AD2d 777, 779 [1997]; *see Neri's Land Improvement, LLC v J.J. Cassone Bakery, Inc.*, 65 AD3d 1312, 1315 [2009]; *Benjamin of Forest Hills Realty, Inc. v Austin Sheppard Realty, Inc.*, 34 AD3d 91, 94 [2006]; *Watts v Clark Assoc. Funeral Home*, 234 AD2d 538 [1996]). Here, the complaint fails to allege the nature and effect of the claimed conspiracy and the manner in which the economic impact of that conspiracy restrains trade in the market (*see Benjamin of Forest Hills Realty, Inc. v Austin Sheppard Realty, Inc.*, 34 AD3d at 97; *Newsday, Inc. v Fantastic Mind*, 237 AD2d 497 [1997]; *Watts v Clark Assoc. Funeral Home*, 234 AD2d 538 [1996]; *Constant v Hallmark Cards*, 172 AD2d 641, 642 [1991]; *cf. Anand v Soni*, 215 AD2d 420 [1995]).

The Supreme Court also properly dismissed so much of the second cause of action as alleged a violation of General Business Law § 349, since the complaint did not allege an act or practice that was "consumer oriented" (*Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344 [1999] [internal quotations omitted]; *see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 24-25 [1995]; *see also Maple House, Inc. v*

*Alfred F. Cypes & Co., Inc.*, 80 AD3d 672, 673 [2011]). Similarly, the Supreme Court properly dismissed so much of the second cause of action as alleged a violation of General Business Law § 350, since the complaint did not allege an advertisement that "had an impact on consumers at large" (*Andre Strishak & Assoc. v Hewlett Packard Co.*, 300 AD2d 608, 609 [2002]).

Additionally, the Supreme Court properly dismissed the ninth and tenth causes of action alleging injurious falsehood and prima facie tort, since the complaint failed to allege special damages with sufficient particularity (*see Drug Research Corp. v Curtis Publ. Co.*, 7 NY2d 435, 440-441 [1960]; *Stanton v Carrara*, 28 AD3d 642 [2006]; *see also Nyack Hosp. v Empire Blue Cross & Blue Shield*, 253 AD2d 743 [1998]). Moreover, to make out a claim sounding in prima facie tort, "the plaintiff[ ] [must] allege that disinterested malevolence was the sole motivation for the conduct of which [he or she] complain[s]" (*R.I. Is. House, LLC v North Town Phase II Houses, Inc.*, 51 AD3d 890, 896 [2008]). However, the complaint does not contain such an allegation.

Further, the Supreme Court properly dismissed the fourth, sixth, seventh, and eighth causes of action alleging negligence (*see generally Pulka v Edelman*, 40 NY2d 781, 782 [1976]), breach of the implied duty of good faith and fair dealing (*see Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce*, 265 AD2d 513, 514 [1999]), negligent misrepresentation (*see Ideal Steel Supply Corp. v Anza*, 63 AD3d 884, 885 [2009]), and unjust enrichment (*see generally Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 592-593 [2007]), respectively.

However, the Supreme Court erred in dismissing the fifth cause of action alleging defamation. The Supreme Court correctly determined that the alleged statements tend to injure the plaintiffs in their trade, business, or profession (*see Wasserman v Haller*, 216 AD2d 289, 289-290 [1995]). Thus, the statements are slander per se and damages are presumed (*see Liberman v Gelstein*, 80 NY2d 429, 435 [1992]). The Supreme Court then held that the alleged statements were protected by a qualified privilege. However, the shield provided by a qualified privilege may be dissolved if a plaintiff can demonstrate that a defendant spoke with spite or ill will (common-law malice) or with a high degree of awareness of the statements' probable falsity (constitutional malice) (*see Liberman v Gelstein*, 80 NY2d at 437-438; *Kotowski v Hadley*, 38 AD3d 499, 500 [2007]). Here, the complaint alleged, inter alia, that certain of the individual defendants spoke with knowledge that such statements were false or spoke with reckless disregard for the statements' truth or

falsity. "Since . . . the burden does not shift to the nonmoving party on a motion made pursuant to CPLR 3211 (a) (7), a plaintiff has 'no obligation to show evidentiary facts to support [his or her] allegations of malice on a motion to dismiss pursuant to CPLR 3211 (a) (7)' " (*Sokol v Leader*, 74 AD3d 1180, 1182 [2010], quoting *Kotowski v Hadley*, 38 AD3d at 500-501; *see Arts4All, Ltd. v Hancock*, 5 AD3d 106, 109 [2004]). Thus, dismissal of the fifth cause of action alleging defamation pursuant to CPLR 3211 (a) (7) was not warranted.

Additionally, since the complaint alleged that the defendants interfered with the plaintiffs' prospective economic advantage through wrongful means (*see Carvel Corp. v Noonan*, 3 NY3d 182, 190-191 [2004]; *Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 477 [2009]; *Caprer v Nussbaum*, 36 AD3d 176, 204 [2006]), the Supreme Court erred in dismissing the third cause of action alleging tortious interference with prospective economic advantage.

Finally, since the plaintiffs stated causes of action to recover damages for independently actionable torts, the Supreme Court erred in dismissing the eleventh cause of action alleging conspiracy (*see Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986]; *Chung v Wang*, 79 AD3d 693, 695 [2010]; *Shepis v 3 Cottage Place Assoc.*, 265 AD2d 317 [1999]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30511(U).]**