*763 In this action to recover damages for libel, the plaintiffs alleged that a newspaper article published by the defendant Newsday, Inc. (hereinafter Newsday), “falsely implied . . . that the plaintiffs knowingly took advantage of a handicapped person.” The article, entitled “Risks of giving autistic adults financial freedom,” published on March 2, 2008, told the story of a young adult with a high-functioning form of autism who purchased a used car from the plaintiffs for the sum of $11,400 after receiving a credit for trading in his vehicle. It is undisputed that, after the purchaser’s mother complained to the plaintiffs, the sale price was renegotiated and lowered to a total of $8,550. The article included the plaintiffs’ position that the purchaser had all of the required paperwork, and that the price “had nothing to do with [his] condition.”
Even if the newspaper article in question can be interpreted to imply the defamatory meaning alleged in the complaint (see Armstrong v Simon & Schuster, 85 NY2d 373, 380-381 [1995]; WDM Planning v United Credit Corp., 47 NY2d 50, 53 [1979]; see also Aronson v Wiersma, 65 NY2d 592, 593-594 [1985]), it is nevertheless nonactionable as an expression of pure opinion based upon disclosed facts (see Steinhilber v Alphonse, 68 NY2d 283, 289 [1986]; see also Gross v New York Times Co., 82 NY2d 146, 151-152 [1993]). The other allegations of defamation in the complaint have no basis in the text of the article. Since Newsday made a prima facie showing of entitlement to judgment as a matter of law, which the plaintiffs failed to rebut by raising a triable issue of fact, the Supreme Court properly granted Newsday’s motion for summary judgment dismissing the complaint insofar as asserted against it (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). Eng, P.J., Rivera, Hall and Sgroi, JJ., concur.