Stanton v Montee (2024 NY Slip Op 50668(U))

[*1]

Stanton v Montee

2024 NY Slip Op 50668(U)

Decided on June 5, 2024

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 5, 2024
Supreme Court, Bronx County

William Stanton, Plaintiff,

against
Theodore Montee II, John Doyle, and Steven Swiecki, Defendants.

Index No. 29963/2020E

Plaintiffs 
Kenneth Belkin, Esq.
225 Broadway Ste. 715
New York, NY 10007
718-724-3466
Defendant Montee II
Steven Seltzer, Esq.
The Seltzer Law Group P.C. 125 Maiden Lane Suite 507 New York, NY 10038 
Phone:646-863-1909 Fax:646-863-1877
Peter Metis
Defendant Doyle and Swiecki
WILLIAM ALLEN HURST 
Young/Sommer, LLC 
Five Palisades Drive, Albany, NY 12205
Phone:518-438-9907

Veronica G. Hummel, J.

In accordance with CPLR 2219 (a), the decision herein is made upon consideration of all the papers filed by the parties in NYSCEF in connection with the motion (Motion #1) of defendants JOHN DOYLE and STEVEN SWIECIKI, made pursuant to CPLR 3211 (1) and (7), for an order deeming plaintiff a public figure and dismissing his complaint and the cross-motion brought by defendant THEODORE MONTEE II seeking an order pursuant to CPLR 3211 (a) (1), (7) and CPLR 306-b deeming plaintiff a public figure and dismissing his complaint. Plaintiff opposed the motion and cross-motion.[FN1]
Background
Plaintiff, William Stanton resides in the City Island neighborhood of the Bronx, works in the security business, is an author, and frequently appears as a guest on television programs (NYSCEF Doc 1 [Plaintiff's Complaint], ¶50, 83). Plaintiff served as the president of the City Island Civic Association, Inc (NYSCEF Doc 1, ¶5). Plaintiff, however, contends that he is not a public figure or a "limited purpose figure" (NYSCEF Doc 1, ¶62).
Defendants Theodore Monte II ("Montee"), John Doyle ("Doyle"), and Steven Swiecki ("Swiecki") are also Bronx residents that are involved with community groups (NYSCEF Doc 1, ¶6-10). The defendants are founding members of another community group by the name of City Island Rising, Inc (NYSCEF Doc, ¶10). 
Plaintiff alleges in the complaint that bad blood arose between the parties in late 2018/early 2019. At that time, the City Island Civic Association, Inc., of which Plaintiff was the president reprimanded defendant Doyle for misconduct. According to plaintiff, the defendants sought vengeance (presumably for plaintiff's actual or perceived involvement in the reprimand), by trying to "cancel" the plaintiff.
"Cancelation" of course is not recognized as an independent cause of action in our state. Reasoned minds may debate the merits of "cancel culture", but when the tactics of a pressure campaign or public shaming cross the line into defamation, tortious interference with contract, intentional infliction of emotional distress, etc., the laws of New York State provide a civil remedy. Plaintiff contends that the defendants' conduct crossed the line from constitutionally protected speech to tortious abuse.

 The Complaint
Specifically, the complaint, which contains 170 paragraphs and is 37 pages long, alleges ten causes of action sounding in defamation, violations of Civil Rights Law § 50 and § 51, abuse of process, tortious interference with a contract, and intentional infliction of emotional distress. For the sake of brevity, the Court refers to the complaint for a complete recitation of the purportedly defamatory language and alleged conduct of the defendants.
Plaintiff's first cause of action sounds in defamation and alleges as follows. The defendants acted in concert to falsely accuse plaintiff of being homophobic, racist, and xenophobic, and of making racist statements in postings to social media platform "Twitter". The defendants falsely accused plaintiff of being a Ku Klux Klan member or leader and of attending Ku Klux Klan meetings. It is alleged that defendant Montee and defendant Swieciki published the relevant posts in accounts owned by them./P>
Plaintiff's second cause of action for defamation sounds in defamation and alleges as follows: The defendants acted in concert to falsely accuse plaintiff of committing welfare and/or pension fraud. The accounts in which the relevant tweets appeared were allegedly owned by defendants Montee and Swieciki.
Plaintiff's third cause of action sounds in arises under Civil Rights Law § 50 and § 51 and alleges that the defendants used the plaintiff's image without authorization by creating a fake twitter account using his name. The account relied on for this cause of action was created by defendant Montee.
Plaintiff's fourth cause of action sounds in abuse of process and alleges that the defendants filed a complaint with the New York City Commission on Human Rights which falsely accused plaintiff of being homophobic. 
Plaintiff's fifth cause of action sounds in defamation and alleges that the defendants filed a false complaint to the New York State Division of Licensing Services accusing plaintiff of misusing his private investigator license. The false complaint was filed by defendant Montee.
Plaintiff's sixth cause of action sounds in defamation and alleges that defendant Montee emailed plaintiff's book publisher and asked the publisher to reconsider their relationship with plaintiff. Montee claimed that plaintiff made Montee and his husband "very scared."
Plaintiff's seventh cause of action sounds in tortious interference with contract and alleges that defendants interfered with the relationship between plaintiff and his publisher by using his image without authorization. Defendant Montee contacted plaintiff's publisher and accused plaintiff of being racist and homophobic. 
Plaintiff's eighth cause of action sounds in defamation and alleges that Montee filed charges against plaintiff, in his official capacity as City Island Civic Association, Inc, falsely claiming that plaintiff is homophobic and discriminated against Montee based on his sexual orientation.
Plaintiff's ninth cause of action sounds in abuse of process and alleges that defendants filed a complaint with the New York City Department of Buildings alleging that the carport attached to plaintiff's home was illegally constructed. 
Plaintiff's tenth cause of action alleges that defendants' conduct as outlined above constituted intentional infliction of emotional distress. 

Analysis
Generally, on a motion to dismiss pursuant to CPLR 3211 the facts pleaded in the Complaint are presumed to be true and are accorded every favorable inference (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see also Carnigila v Chicago Tribune-New York News Syndicate, Inc., 204 AD2d 233 [1st Dept 1994]). On a motion to dismiss brought pursuant to CPLR 3211(a)(7), a court "must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory." (Constructamax, Inc. v Weber, 109 AD3d 574, 574 [2d Dept 2013]). In the First Department, a defendant moving pursuant to CPLR 3211(a)(7) may rely on extrinsic evidence to challenge the complaint (Basis Yield Alpha Fund (Master) v Goldman Sachs Grp., Inc., 115 AD3d 128, 134 [1st Dept 2014]; Guggenheimer v Ginzburg, 43 NY2d 268 [1977]; Rovello v Orofino Realty Co., Inc., 40 NY2d 633 [1976]).[FN2]
Allegations consisting of bare legal conclusions, or allegations that are either inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration (Landmark Ventures, Inc., v InSightec, Ltd., 179 AD3d 493, 943 [1st Dept 2020]; see also Carniglia, 204 AD2d at 233-234; Summit Solomon & Feldesman v Lacher, 212 AD2d 5 [1st Dept 1995]).[FN3]

Plaintiff's Public Figure Status
Before addressing plaintiff's defamation claims, it is necessary to determine whether he or not he is a public figure. Plaintiff's status of a public figure is dispositive of whether he must plead and ultimately prove that the defendants acted with actual malice. Plaintiff claims that he is a private person. Defendants contend that he is a public figure. An individual's status as a public figure may be determined by courts as a matter of law (Maule v NYM Corp., 52 NY2d [*2]880, 882-883 [1981]).
"The category of public figures is of necessity quite broad" (Gottwald v Sebert, 40 NY3d 240, 251 [2023] quoting James v Gannett, 40 NY2d 415 [1976]). Public figure status is not black and white, rather is a question of degree (Gottwald, 40 NY3d at 251). "Certain individuals may be considered public figures for all purposes while others may invite publicity only with respect to a narrow area of interest and may fairly be considered public figures only where the alleged defamation relates to the publicity they sought" (id.). 
A person becomes a limited-purpose public figure by thrusting themselves into the public spotlight and seeking continued public interest in their activities (id. at 252). 
Gottwald is analogous to the case at bar. In Gottwald, the plaintiff was a well-known music producer who engaged with the media to project his name and personality and further his business interests (id.). Similarly, here, by his own admission, plaintiff is a television personality who regularly appears on national television programs to promote his business and books (NYSCEF Doc 1, ¶83). Additionally, at the time this action was commenced, plaintiff was the president of a local community group (id. at ¶5).
Plaintiff may not be a major "celebrity", but by his own admission he regularly appears on national TV to promote his security business and personal brand. Plaintiff also took the step of running for and being elected to a leadership position with a local civic organization. Hence, plaintiff took purposeful steps to thrust himself into the spotlight as a security expert and local politician. Therefore, plaintiff is a limited-purpose public figure. As such plaintiff must prove by clear and convincing evidence that defendants' defamatory statements were made with actual malice to recover (Gottwald, 40 NY2d at 252; see also Winklevoss v Steinberg, 170 AD3d 618, 619 [1st Dept 2019]).
Clear and convincing evidence, however, is not required to survive a motion to dismiss. At this stage, plaintiff need only allege facts showing that the defendants acted with actual malice (Gear Up, Inc. v City of New York, 140 AD3d 515, 515 [1st Dept 2016]). The issue of actual malice is more appropriately addressed at a later stage of the proceeding (see Zuckerbrot v Lande, 75 Misc 3d 269, 296 [Sup Ct, New York County 2022]); Silsdorf v Levine, 59 NY2d 8, 17 [1983]). 
Actual Malice
Defendants contend that plaintiff's defamation causes of action should be dismissed because he is a public figure and he failed to plead "actual malice" in the complaint. It is true that plaintiff did not use that precise turn of phrase, however, that argument is wholly without merit. Plaintiff alleges "intentional malice" (NYSCEF Doc 1, ¶84). There is no rule that a plaintiff use the phrase "actual malice[,]" an allegation of malice is all the law requires (Levine, 59 NY2d at 17).
Plaintiff also argued that the plaintiff's allegations amount to mere ill will, which is not actionable. That too is without merit. It can be reasonably inferred from the allegations in the complaint that defendants intentionally spread false statements about the plaintiff. Plaintiff has alleged the requisite state of mind (Silsdorf, 59 NY2d at 17).
The First Cause of Action
Plaintiff's first cause of action does not allege actionable defamation. To be actionable as defamation, a statement must be of a factual nature. "Whether a particular statement constitutes an opinion or an objective fact is a question of law" (Mann v Abel, 10 NY3d 271, 276 [2008]). When deciding whether a statement is fact or opinion, a court must examine three factors 1) whether the statement has a precise meaning that is readily understood; 2) whether the statement can be proven true or false; and 3) "whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal ... readers or listeners that what is being read or heard is likely to be opinion, not fact" (Thomas H. v Paul B., 18 NY3d 580, 584 [2012] quoting Brian v Richardson, 87 NY2d 46 [1995]).
The statements pleaded in the complaint referring to plaintiff as a racist, prejudiced, or implying that he is associated the Ku Klux Klan are pure opinions and not actionable (see Bacon v Nygard, 189 AD3d 530, 531 [1st Dept 2018]). Of note, the statements were made only in accounts managed by defendants Montee and Swieciki. Plaintiff's first cause of action is dismissed against all defendants.
The Second Cause of Action
Plaintiff alleges he was defamed in a twitter post dated March 6, 2020. Which stated that plaintiff " . . . has collected over $1m in taxpayer money for being 'disabled' there needs to be an investigation . . . " (NYSCEF Doc 1, ¶92). Plaintiff alleges that he was defamed in a post on a Facebook page titled "Extra Dank Bill Stanton Memes Protected by the First Amendment" (NYSCEF Doc 1, ¶94). The post stated "Bill Stanton retweeting scam warnings. Oh, the irony. [Laughing Face Emoji] #HowDidYouGetThatPension." (id.). Plaintiff also alleges he was defamed in a social media post dated April 19, 2020, which referred to him as a "welfare queen" (see NYSCEF Doc 1, ¶ 98). 
The three foregoing statements contain no provably false allegations, nor do they imply the existence of facts unknown to the reader. The posts are pure opinion and are not actionable as defamation (see Davis v Boeheim, 24 NY3d 262 [2014]; Bacon, 189 AD3d at 531). Again, the statements were allegedly made in accounts managed by defendants Montee and Swieciki. These allegations are insufficient to set forth a cause of action as against all defendants.
In contrast, plaintiff's remaining allegations, which are only directed to Montee, state a viable claim that defendant Montee defamed him by accusing him of specific criminal and/or fraudulent activity. The factual nature of the statements makes them actionable as defamation (Gross v New York Times Co., 82 NY2d 146, 1541 [1993]).
The Third Cause of Action
Plaintiff's allegation that the defendants created a cloned twitter account which used his name to spread defamatory statements in an effort to smear his reputation does not state a claim under Civil Rights Law § 50 and § 51. The statutory right to privacy created by Civil Rights Law § 50 and § 51 was narrowly crafted to encompass only the commercial use of an individual's name or likeness (Lohan v Take-Two Interactive Software, Inc., 31 NY3d 111, 120 [*3][2018]). Plaintiff's third cause of action is dismissed as against all defendants pursuant to CPLR 3211 (a) (7).
The Fourth and Ninth Causes of Action
Plaintiff's fourth and ninth causes of action do not state a claim for abuse of process. Abuse of process has three essential elements 1) regularly issued process, civil or criminal, compelling the performance or forebearance of some prescribed act; 2) the person activating the process must be moved by a purpose to do harm without that which has been traditionally described as economic or social excuse or justification; and 3) the defendant must be seeking a collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process (Board of Ed. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Ass'n, 38 NY2d 397, 403 [1975]). 
The tort of abuse of process requires the use of judicial process (see Julian J. Studley, Inc. v Lefrak, 41 NY2d 881, 883-884 [1977]); Varela v Investors Ins. Holding Corp., 185 AD2d 309, 311 [2d Dept 1992]). A complaint to a regulatory body is not direction or demand and does not constitute "process" (id.). 
Plaintiff's fourth cause of action alleges that the defendants abused process by submitting a complaint to the New York City Commission on Human Rights falsely alleging that plaintiff had discriminated against him. Plaintiff's ninth cause of action alleges that the plaintiff's submitted a false complaint about his residence to the New York City Department of buildings. Both causes of action fail to state a claim because plaintiff does not allege an abuse of judicial process. Plaintiff's fourth and ninth causes of action are dismissed as against all defendants pursuant to CPLR 3211 (a) (7).
The Fifth Cause of Action
Plaintiff's fifth cause of action alleges that the defendants defamed him by submitting a false complaint to the New York State authority that licenses private investigators. In sum and substance, the complaint accused plaintiff of abusing his private investigator license. 
The purportedly defamatory statements included assertions of fact including accusations that plaintiff improperly worked with the police to gather information about defendant Montee. Montee's complaint also alleged that plaintiff had gone to Montee's friends and informed them that Montee was under investigation. The allegations are reasonably susceptible of a defamatory connotation, namely that plaintiff abused his private investigators license and skills to harass Montee (see Davis, 24 NY3d at 268). Plaintiff alleges the elements of a valid cause of action for defamation (Pezhman v City of New York, 29 AD3d 164, 167 [1st Dept 2006]). Of note, the complaint was filed by Montee only.
The Sixth Cause of Action
Plaintiff's sixth cause of action fails to state a claim for defamation. Plaintiff alleges that Montee stated to plaintiff's publisher that plaintiff had frightened Montee and his husband. Montee also allegedly claimed that the City of New York agreed with Montee. The context of the communication at issue indicates to the reader that Montee was conveying his opinions [*4]during a personal dispute with plaintiff (Bacon, 189 AD3d at 531). Plaintiff's sixth cause of action is dismissed as against all defendants pursuant to CPLR 3211 (a) (7).
The Seventh Cause of Action
Plaintiff's seventh cause of action fails to allege a prima facie case of tortious interference with a contract. "The elements of a tortious interference with contract claim are well established—the existence of a valid contract, the tortfeasor's knowledge of the contract and intentional interference with it, the resulting breach and damages" (Hoag v Chancellor, Inc., 246 AD2d 2224, 228 [1st Dept 1998]). "A tortious interference with contract claim should be dismissed where the plaintiff fails to sufficiently allege that the contract would not have been breached but for the defendant's conduct" (111 West 57th Investment LLC v 111 W57 Mezz Investment LLC, 220 AD3d 435, 436 [1st Dept 2023]; see also Lama Holding Co. v Smith Barney Inc., 88 NY2d 413, 424 [1996])
Plaintiff does not allege that but for the defendants' actions, plaintiff's publisher would not have breached its contract with plaintiff. Indeed, plaintiff does not allege that the contract was breached at all. Plaintiff's alleged injury was that he had to explain the defendants' actions to his publisher. Plaintiff's sixth cause of action is dismissed as against all defendants pursuant to CPLR 3211 (a) (7).
The Eighth Cause of Action
Plaintiff's fifth cause of action fails to state a claim for defamation. Plaintiff alleges that Montee filed a complaint with the New York City Commission on Human Rights falsely accusing plaintiff of being homophobic and of discriminating against Montee based on his sexual orientation. In an action for libel or slander, the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally (CPLR 3016 [a]). 
Plaintiff failed to plead the purportedly defamatory words in the complaint as required. Plaintiff's vague allegation that Montee accused him of homophobia or discrimination is not sufficient to state a claim for defamation (see Hammond v Equinox Holdings, 219 AD3d 406, 408 [1st Dept 2023]; CPLR 3016 [a]). Plaintiff's eighth cause of action is dismissed as against all defendants pursuant to CPLR 3211 (a) (7). [Montee]
The Tenth Cause of Action
Plaintiff's tenth cause of action is a catchall — he alleges that the conduct giving rise to his nine other causes of action against the defendants also gives rise to liability for intentional infliction of emotional distress. Plaintiff's tenth cause of action is largely duplicative of his claims for defamation. To the extent that plaintiff's tenth cause of action alleges that the defendant's purportedly defamatory statements constituted intentional infliction of emotional distress — the cause of action is dismissed as duplicative (Matthaus v Hadjedj, 148 AD3d 425, 425-426 [1st Dept 2017]). 
Regardless, the defendants' alleged conduct, which constituted no more than sending [*5]letters/emails, posting on social media about the defendant, and making complaints with regulatory agencies is insufficient as a matter of law to constitute extreme and outrageous behavior to sustain a claim for intentional infliction of emotional distress (Matthaus, 148 AD3d at 425-426). Plaintiff's tenth cause of action is dismissed pursuant to CPLR 3211 (a) (7).
Concerted Action Liability
Plaintiff's second and fifth causes of action cause of action are the only remaining claims. The surviving allegations in the second cause of action are only directed to Montee.
In general, defendants contend that plaintiffs' allegations that the defendants "acted in concert" to publish defamatory statements that disseminated codefendant Montee's social media accounts does not state a cause of action against them. To support their argument, defendants point to the fact that the courts of our state do not recognize civil conspiracy as a cause of action. 
"Although New York does not recognize an independent cause of action for civil conspiracy, allegations of civil conspiracy are permitted to connect the actions of separate defendants with an otherwise actionable tort" (Cohen Brothers Realty Corp. v Mapes, 181 AD3d 401 [1st Dept 2020] [internal quotation marks omitted] citing Alexander & Alexander of NY v Fritzen, 68 NY2d 968, 969 [1986]). Doyle and Swieciki's argument misses the mark in two respects. First, plaintiff did not plead civil conspiracy as an independent cause of action. Second, civil conspiracy to commit defamation, however, is not what plaintiff alleges. 
Plaintiff alleges that the defendants are jointly and severally liable for several causes of action (defamation, abuse of process, and intentional infliction of emotional distress) based upon the doctrine of concerted liability. "This doctrine, [concerted liability,] . . . provides for joint and several liability on the part of all defendants having an understanding, express or tacit, to participate in 'a common plan or design to commit a tortious act'" (Hymowitz v Eli Lilly and Co., 73 NY3d 487, 506 [1989]). "It is essential that each defendant charged with acting in concert have acted tortiously and that one of the defendants committed an act in pursuance of the agreement which constitutes a tort" (Rastelli v Goodyear Tire & Rubber Co., 79 NY2d 289, 295 [1992]).
As stated, however, plaintiff's fifth and second causes of action are the only remaining claims, and the second cause of action survives only as against Montee. In any event, plaintiff does not allege that defendant Doyle or Swieciki personally committed any tortious action in connection with the second or the fifth causes of action. Accordingly, the complaint's second and fifth causes of action do not state a claim against Doyle and Swieciki and the causes of action are dismissed against them (CPLR 3211 [a] [7]).
Another Action Pending
Defendants also argue that the Court should dismiss this matter pursuant to CPLR 3211 (a) (4) on the grounds that plaintiff commenced another action against the same defendants based upon substantially the same allegations. Defendants allege that plaintiff has not served process in the other action. As the parties have chosen to litigate the merits of complaint in this instant action, rather than in the other matter, however, the Court exercises its discretion and declines to dismiss plaintiff's complaint on this ground (Whitney v Whitney, 577 NY2d 731, 732 [*6][1982]). 
Swieciki and Doyle's Supplemental Authority
The Court will briefly address the letter dated June 8, 2021, from defendants Swieciki and Doyle enclosing a decision by Justice Theresa M. Ciccotto. In that decision, the court addressed remarkably similar allegations of defamation which had been levied against the defendants in this action, Swieciki, Doyle, and Montee by different plaintiffs. Plaintiff submitted a letter July 9, 2021, wherein plaintiff asked this Court to disregard plaintiff's submission. The parties were offered a full opportunity to argue the issue before this Court on September 6, 2026, and did not request time to submit additional papered on this issue. 
The decision submitted is persuasive authority and not binding on this Court. The fact that the individual who drafted the complaint in the other action used similar language as is at issue herein, however, is insufficient to warrant the application of the doctrine collateral estoppel. 
"The elements necessary in all cases for issue preclusion are well known. It is required that an issue in the present proceeding be identical to that necessarily decided in a prior proceeding, and that in the prior proceeding the party against whom preclusion is sought was accorded a full and fair opportunity to contest the issue"
(Allied Chem., an Operating Unit of Allied Corp. v Niagara Mohawk Power Corporation Corp., 72 NY2d 271, 276 [1988]). Although the defendants were the same in the other action, neither the underlying defamatory language nor the other parties are the same.[FN4]
Accordingly, the elements of collateral estoppel have not been met. Furthermore, the proposition for which defendants submit this decision was extensively briefed in their moving papers and additional persuasive authority on this issue was not necessary.
Defendant Montee's argument in his cross-motion that plaintiff's failure to timely file proof of service of the complaint warrants dismissal is without merit. A plaintiff's failure to timely file proof of service is a mere irregularity which may be cured. 
Additionally, although this issue was not specifically briefed in the parties' papers, between March 20, 2020, and November 3, 2020, (a total of 228 days) the Governor's executive orders concerning the Covid-19 Pandemic suspended all time limits imposed on litigation by the procedural laws of this state (Brash v. Richards, 195 AD3d 582 [2d Dept 2021]; Murphy v. Harris, 210 AD3d 410 [1st Dept 2022]; Wilmington Tr. N.A. to Citibank, N.A. v Fife, 212 ASD3d 550, 551 [1st Dept 2023]). Due to the toll, plaintiff's affidavits of service were not untimely filed (Addison Plumbing v Maraj, 2021 WL 104952 *1 [Sup Ct, New York County 2021; R.Y. Yang Realty LLC v Converso, 2023 WL 1778553 *1 (Sup Ct, New York County 2023).
The Court has considered the parties' contentions not explicitly raised herein. To the extent a contention was not addressed by the Court, it is hereby denied.
Accordingly, it is hereby
ORDERED that the motion (Motion #1) of defendants JOHN DOYLE and STEVEN SWIECIKI, made pursuant to CPLR 3211 (1) and (7), for an order deeming plaintiff a public figure and dismissing his complaint as against them is GRANTED; and it is further
ORDERED that the cross-motion brought by defendant THEODORE MONTEE II seeking an order pursuant to CPLR 3211 (a) (1), (7) and CPLR 306-b deeming plaintiff a public figure and dismissing his complaint as against Montee is PARTIALLY GRANTED, and plaintiff's first, third, fourth, sixth, seventh, eighth, ninth, and tenth causes of action are DISMISSED against Montee; and it is further
ORDERED that Clerk enter judgment dismissing the complaint as against defendant Doyle and Swieciki and serving the remaining action containing the second and fifth causes of action as against Montee only; and it is further
ORDERED that the Clerk shall mark JOHN DOYLE's and STEVEN SWIECIKI's motion and defendant THEODORE MONTEE II's cross-motion (Motion #1) as decided in all court records; and it is further
ORDERED that discovery shall progress in an expedited manner and the deadline to file a note of issue in this action is extended to November 1, 2024; and it is further
ORDERED that the deadline for bringing a motion for summary judgment shall be sixty days after the filing of the note of issue; and it is further
ORDERED that the caption shall be amended henceforth to read as:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, IAS PART 20
-------------------------------------------------------------------------X     Index No. 29963/2020E
WILLIAM STANTON,                                                                  Plaintiff,
-against-
THEODORE MONTEE II,                                                                   Defendant.
-------------------------------------------------------------------------X
;and it is further
ORDERED that the plaintiff shall AS SOON AS POSSIBLE, file to NYSCEF a completed form EF 23 [FN5]
to facilitate the amendment of the caption in NYSCEF.
The foregoing constitutes the Decision and Order of the court.
Dated: June 5, 2024
Bronx, New York
Hon. Veronica G. Hummel, A.S.C.J.

Footnotes

Footnote 1:In terms of the timing of the motion and cross-motion, defendants Swieciki and Doyle filed the instant motion to dismiss (Motion #1) on December 21, 2020. Defendant Montee filed the cross-motion to dismiss on December 23, 2021. Plaintiff opposed the motion and cross-motion. By Decision and Order dated March 4, 2021, the Hon. Kenneth L. Thompson, Jr. deemed plaintiff's opposition papers timely filed and gave defendants until March 26, 2021, to file reply papers. At some point thereafter, due to an administrative error, the motion and cross-motion were erroneously marked as "decided." It appears that no further action was taken in the litigation by the parties.

Approximately two years later, this case was transferred to IAS Part 20 in May, 2023. A Court Notice was posted on NYSCEF advising the parties that, per court records, all outstanding motions had been decided and directing counsels to submit letters to the Court by July 1, 2023, detailing the status of discovery and settlement discussions. The submitted letters advised the Court that the instant motion and cross-motion did not have an issued decision. The Court promptly restored the motions, scheduled oral argument, and the motions were marked submitted thereafter.

Footnote 2:For extended discussion of the history of the use of extrinsic evidence in support of a CPLR 3211(a)(7) motion and the varied approaches thereto in the Appellate Departments, see John R. Higgitt, CPLR 3211[A][7]: Demurrer or Merits—Testing Device?, 73 Albany L. Rev. 99 (2009), and David. D. Siegel & Patrick M. Conners, New York Practice § 265 (6th ed.).

Footnote 3:It is undisputed that the new standard for dismissal applicable to "SLAPP" lawsuits under CPLR 3211(g) does not apply to the instant lawsuit. Plaintiff commenced the instant action on September 4, 2020, and the amendment enacting CPLR 3211(g) became effective on November 10, 2020. The Second Department has held that CPLR 3211(g) does not apply retroactively to actions commenced before the effective date of the statute (VIP Pet Grooming Studio, Inc. v Sproule. 224 AD3d 78 [2d Dept 2024]).

Footnote 4:Contrary to defendants' contention, the Ciccotto decision does not address any of the same purportedly defamatory publications at issue in this case. None of the specific social media communications (twitter or Facebook) or emails pleaded in the complaint in the instant action was addressed in the Ciccotto decision. The fact that defendants allegedly used identical language on other occasions to refer to or to disparage individuals other than the plaintiff in this action, is not relevant for the purposes of collateral estoppel. The fact that the Ciccotto decision made a passing reference to the interpersonal conflict between plaintiff and the defendants and noted the existence of ancillary litigation [a civil rights complaint] involving the parties to this case does not mean that the claims raised in plaintiff's complaint were previously litigated.

Footnote 5:NYSCEF Form EF 23 can be found at the following link: 
https://iappscontent.courts.state.ny.us/NYSCEF/live/forms/notice.county.clerk.amend.caption.pdf