■ JEROLD SCHWARTZ, Appellant, v SOCIETY OF THE NEW YORK HOSPITAL et al., Respondents. [647 NYS2d 776] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered May 23, 1995, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this defamation action arising out of plaintiff's termination by defendants, plaintiff concedes that the alleged defamatory statements are subject to a qualified privilege, since the speaker, the Chief of the Department of Anesthesiology where plaintiff worked, shared a "common interest" with the listeners, potential employers or fellow staff members, regarding the circumstances of the suspension of plaintiff's privileges at the defendant hospital (*see, Liberman v Gelstein*, 80 NY2d 429, 437). To defeat the privilege, plaintiff must raise a triable issue of fact as to the Chief's malice in making the alleged statements, either under the constitutional or common-law standard (*supra*, at 438), which he fails to do.

Under the constitutional standard, it must be shown that the speaker knew the statement to be false, or recklessly disregarded whether or not it was false (*supra*). At the time the Chief allegedly told members of the Department that plaintiff "was not keeping up medically with everyone else on the staff", plaintiff had already been summarily suspended by the President of the Hospital for four alleged incidents of substandard medical care, and he was the only member of the Department to be censured before the Medical Board. Similarly, when the Chief allegedly told a potential employer that plaintiff was "not competent in his work, don't use him", plaintiff's summary suspension had been upheld by an ad hoc committee of the Medical Board, the full Medical Board and the Board of Governors, based on findings of below standard medical care on four occasions. The authors of the letters of support submitted by plaintiff do not profess to have any personal knowledge of the four complained of incidents; nor do they proffer an opinion as to the propriety of plaintiff's conduct in those cases; nor does the report of plaintiff's expert state that plaintiff's conduct met minimum standards of medical care in those cases. Accordingly, plaintiff did not demonstrate that the Chief was aware that his comments were probably false, and therefore did not show constitutional malice (*see, supra*). Similarly, under the statutory standard, there was no showing that the alleged statements were not made in good faith on a matter of common interest.

Plaintiff's conclusory allegations that the Chief retaliated against him for being a member of a volunteer group or that the Chief had been directed to "get rid of" him are insufficient to raise a triable issue of fact of spite or ill will, the common-law standard for malice (*see, Wright v Johnson*, 184 AD2d 234).

In addition, plaintiff failed to establish that the allegedly slanderous comments were actually spoken. The speaker and all of the recipients denied in their affidavits that the statements were ever made. Plaintiff's assertion that one of the listeners relayed the statements to him is mere hearsay, and insufficient to raise a triable issue of fact (*see, Barber v Daly*, 185 AD2d 567, 569-570).

We have considered plaintiff's other arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Williams, Mazzarelli and Andrias, JJ.