■ LEONARD WEITZ, Appellant, v THOMAS BRUDERMAN et al., Respondents. [786 NYS2d 745]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered May 24, 2004, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Defendants appropriately assert the common interest privilege (*see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]), and plaintiff has failed to raise a question of fact as to malice such as might overcome the privilege. Plaintiff has not adduced proof warranting an inference "that [defendants] acted out of personal spite or ill will, with reckless disregard for the statements' truth or falsity, or with a high degree of belief that their statements were probably false" (*Foster v Churchill*, 87 NY2d 744, 752 [1996]). He has shown no more than the possible existence of prior disputes, which is not enough to support an inference of malice (*see Sweeney v Prisoners' Legal Servs. of N.Y.*, 84 NY2d 786, 793 [1995]). Plaintiff's conjecture that the alleged statements were made because defendants wanted plaintiff's job is insufficient to sustain an inference that defendants bore him spite or ill will (*see Hanlin v Sternlicht*, 6 AD3d 334 [2004]), much less does it suffice to show that spite or ill will, as opposed to the subject company's economic interests, were the sole motives for the complained-of statements (*see Liberman*, 80 NY2d at 439). Concur—Tom, J.P., Andrias, Saxe, Friedman and Gonzalez, JJ.