■ WARREN ATKINS, Respondent, v FLAT RATE MOVERS, LTD., Appellant. [19 NYS3d 735]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered August 13, 2014, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

The alleged defamatory statements by defendant's employees are shielded by the common interest privilege, which covers statements made in the context of plaintiff's job, regarding his alleged job-related misconduct (*see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]; *Present v Avon Prods.*, 253 AD2d 183, 187 [1st Dept 1999], *lv dismissed* 93 NY2d 1032 [1999]). Any shortcomings in defendant's investigation here was insufficient to establish malice, to defeat the common interest privilege (*see Bulow v Women In Need, Inc.*, 89 AD3d 525, 526 [1st Dept 2011]). Moreover, the statements by plaintiff's foreman and a coworker, if defamatory, were not within the scope of their duties or in furtherance of defendant's business, and defendant is therefore not vicariously liable for them (*see N. X. v Cabrini Med. Ctr.*, 280 AD2d 34, 37 [1st Dept 2001], *mod on other*

*grounds* 97 NY2d 247 [2002]). Furthermore, any publication of the alleged defamatory statements to the Department of Labor were privileged (*see Phillip v Sterling Home Care, Inc.*, 103 AD3d 786, 787 [2d Dept 2013], *lv denied* 21 NY3d 854 [2013]; *Seymour v New York State Elec. & Gas Corp.*, 215 AD2d 971, 972-973 [3d Dept 1995]). Concur—Tom, J.P., Sweeny, Andrias and Gische, JJ.