Hammond v Equinox Holdings LLC (2023 NY Slip Op 04257)

Hammond v Equinox Holdings LLC

2023 NY Slip Op 04257

Decided on August 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 10, 2023

Before: Kern, J.P., Friedman, Gesmer, Moulton, Rodriguez, JJ. 

Index No. 155061/19 Appeal No. 254 Case No. 2022-04325 

[*1]Steven Hammond, Plaintiff-Respondent-Appellant,
v
Equinox Holdings LLC etc., et al., Defendants, Michael Alexander, Defendant-Appellant-Respondent.

Held & Hines, LLP, Brooklyn (Uri Nazryan of counsel), for appellant-respondent.
The Law Offices of Neal Brickman, P.C., New York (Ethan Leonard of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered March 22, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to the extent it sought dismissal of defendant Michael Alexander's counterclaim for abuse of process, denied the motion to the extent it sought sanctions, denied defendant's cross-motion to the extent it sought leave to amend the counterclaim, granted in part and denied in part the cross-motion to the extent it sought dismissal of plaintiff's claim for defamation, and granted the cross-motion to the extent it sought dismissal of plaintiff's claim for intentional infliction of emotional distress, unanimously modified, on the law, defendant's cross-motion as to the claim for defamation granted in its entirety, the defamation claim dismissed in its entirety, and otherwise affirmed without costs. The Clerk is directed to enter judgment dismissing the complaint as against defendant Alexander.
The court correctly dismissed defendant's counterclaim for abuse of process. Defendant's assertions on appeal that plaintiff continued this litigation for the wrongful purpose of coercing him to drop his earlier-filed lawsuit are conclusory, and the counterclaim, as pleaded, alleges that plaintiff commenced this action with a malicious motive, which is insufficient to sustain an abuse of process claim (see Curiano v Suozzi, 63 NY2d 113, 117 [1984]; Hauser v Bartow, 273 NY 370, 373 [1937]). Defendant did not demonstrate his entitlement to leave to replead, as he submitted no proposed amendments (see CPLR 3025[b]; Vandashield Ltd v Isaacson, 146 AD3d 552, 554 [1st Dept 2017]). The counterclaim, however, was not patently frivolous and, thus, sanctions were not warranted.
The defamation claim should have been dismissed in its entirety. As an initial matter, the court correctly determined that defendant's cross-motion to dismiss was timely, even though it was filed after the answer (see CPLR 3211[e]). On the merits, contrary to the court's determination, plaintiff did not adequately allege malice in paragraph 45 of the complaint so as to overcome the common interest qualified privilege that attached to defendant's communications to his coworkers (see Liberman v Gelstein, 80 NY2d 429, 437-438 [1992]). The allegation — that defendant made the defamatory statements "to procure special benefits and protections from his employer to which he was not entitled and to protect his otherwise threatened employment" — demonstrated only that defendant made the statements for his own economic benefit, which is insufficient to support an inference of malice (see Weitz v Bruderman, 14 AD3d 354 [1st Dept 2005]). The claim, to the extent based on alleged statements made by defendant to the police and the New York Post, was correctly dismissed because the particular words complained of were not set forth in the complaint (see CPLR 3016[a]; BCRE 230 Riverside LLC v Fuchs, 59 AD3d 282, 283 [1st Dept 2009] [a defamation [*2]counterclaim based on alleged statements to the press was not pleaded with the particularity required by CPLR 3016(a) where the defendant, in pleading the counterclaim, relied on "the text of a third party's paraphrasing of plaintiff's allegedly false statements"]). Plaintiff's contention that the statements that were published in the New York Post had been incorporated into the complaint is unavailing, since the article was not annexed to the pleading (cf. Pappalardo v Westchester Rockland Newspapers, 101 AD2d 830 [2d Dept 1984], affd 64 NY2d 862 [1985]).
As to the claim for intentional infliction of emotional distress, defendant's alleged publication of the defamatory statements did not amount to extreme and outrageous conduct (see Schnur v Balestriere, 208 AD3d 1117, 1118-1119 [1st Dept 2022]; Matthaus v Hadjedj, 148 AD3d 425, 425-426 [1st Dept 2017]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 10, 2023