**Buckler v Temple Ct.**

2024 NY Slip Op 33843(U)

October 25, 2024

Supreme Court, New York County

Docket Number: Index No. 154940/2023

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. DAVID B. COHEN                     PART                58

*Justice*

-------------------------------------------------------------------------X

RAYMOND BUCKLER,

                               Plaintiff,

                   - v -

TEMPLE COURT, TOM COLICCHIO, DARREN DUNN

                               Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154940/2023 |
| MOTION DATE | 07/29/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18

were read on this motion to/for                       DISMISS                       .

This is an action for defamation related to the termination of plaintiff's employment.

Pursuant to CPLR 3211(a)(7), defendants move to dismiss pre-answer. Plaintiff opposes.

## FACTUAL BACKGROUND

Plaintiff alleges he was employed at defendant Temple Court restaurant starting on December 25, 2021 as a "Maître D", although defendants contend that the actual name of the employing entity was Craft Beekman, LLC. He alleges that he was "illegally terminated" on March 22, 2023, for having been "accused of being a racist." (NYSCEF 1).

Defendant Dunn, the restaurant's general manager, allegedly made the accusation in the presence of his assistant, Jorge Molina. Plaintiff alleges that he denied the allegation, and Dunn told him that "HR has interviewed employees and patrons, and that is what you are being accused of." Defendant Colicchio allegedly owns and controls the restaurant, and allegedly controls all the decisions, including having directed Dunn to make the accusation. (*id.*).

Plaintiff contends that defendants engaged in defamation as they falsely accused him of being racist, and that "[u]pon information and belief, Defendant Dunn and Defendant Temple

**154940/2023  BUCKLER, RAYMOND vs. TEMPLE COURT ET AL**                     **Page 1 of 4**
**Motion No.  001**

Court told plaintiff's subsequent prospective employers that his employment ended because he was a racist." He thus claims that defendants' false statements have harmed his personal and professional reputation, and he asserts one cause of action for defamation (*id.*).

## LEGAL ANALYSIS

On a motion to dismiss pursuant to CPLR 3211(a)(7), the court determines whether the pleading states a cause of action and "[t]he motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002] [internal quotation marks and citations omitted]). "Whether a [party] can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*EBC 1, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

Defendants contend that calling someone a "racist" is a statement of opinion, not of fact, that making the statement in the presence of a co-employee fails to meet the publication requirement of a defamation claim, and that the alleged statements to prospective subsequent employers fail to meet the specificity requirement for such claims based, among other things, on CPLR 3016(a).

While a statement of pure opinion is generally not defamatory (*Bacon v Nygard,* 189 AD3d 530 [1st Dept 2020]), and while distinguishing between fact and opinion is a question of law to be decided by the Court, the determination may be dependent on the statement's context, and it can be premature to do so on a pre-answer motion to dismiss (*see Davis v Boeheim*, 24 NY3d 262 [2014] [even if statement may be pure opinion, "the motion to dismiss must be denied if the communication at issue, taking the words in their ordinary meaning and context, is also

**154940/2023   BUCKLER, RAYMOND vs. TEMPLE COURT ET AL**
**Motion No.  001**

**Page 2 of 4**

[* 2]

susceptible to a defamatory connotation"], *quoting Sweeney v Prisoners' Legal Servs. of N.Y.*, 146 AD2d 1, 4 [3d Dept 1989]).

Here, defendants have not demonstrated that the accusation of being a racist, taken in its ordinary meaning and context, is not susceptible to a defamatory connotation (*see e.g. Herlihy v Metropolitan Museum of Art*, 214 AD2d 250 [1st Dept 1995] [plaintiff stated claim for slander based on allegations that she was accused of being anti-semitic and biased]; *Sheridan v Carter*, 48 AD3d 444 [2d Dept 2008] [statements which depicted plaintiffs as racists was defamatory]).

Defendants' second argument is that plaintiff failed to sufficiently state the publication requirement of a defamation claim. Plaintiff asserts that he met this requirement by alleging that Dunn published the statement to his co-worker present at their meeting. (NYSCEF 16)

Publication of the allegedly defamatory statement to a third party is a basic requirement of a claim for defamation. However, there is a privilege protecting communications between co-employees on matters of common interest.

Here, the statement was allegedly made by Dunn during a human resources conversation with plaintiff about his termination, and ostensibly the coworker was there to witness or participate in the meeting, and thus had a common interest with Dunn. Defendants thus demonstrate that plaintiff has not sufficiently pleaded the publication element of his claim (*see e.g. Pogil v KPMG LLP*, 228 AD3d 469 [1st Dept 2024] [finding that statements involved communications between individuals who shared common interest in plaintiff's work performance and were thus privileged]; *Richards v Security Resources*, 187 AD3d 452 [1st Dept 2020] [statement between defendants' employees regarding plaintiff's conduct at work was privileged]; *Atkins v Flat Rate Movers, Ltd.*, 134 AD3d 437 [1st Dept 2015] [statements made by

**154940/2023 BUCKLER, RAYMOND vs. TEMPLE COURT ET AL**
**Motion No. 001**

**Page 3 of 4**

3 of 4

defendant's employees shielded by common interest privilege as they were made in context of plaintiff's work, regarding his alleged job-related misconduct]).

To the extent that plaintiff alleges, "[u]pon information and belief," that defendants published the statement to plaintiff's prospective employees, he does not set forth the alleged specific words used (*see Hammond v Equinox Holdings LLC*, 219 AD3d 406 [1st Dept 2023] [claim that statements were published to police and press was properly dismissed as particular words of alleged statements not set forth in complaint]).

Finally, plaintiff fails to state a claim for defamation per se as he does not demonstrate that the allegation that he is racist is incompatible with the proper conduct of plaintiff's profession and it did not make a reference to plaintiff's ability to work in the restaurant industry (*see Zysk v Fidelity Tit. Ins. Co. of N.Y.*, 14 AD3d 609 [2d Dept 2005] [statements did not "imply behavior that was incompatible with the proper conduct of the plaintiff's profession and made no reference to a matter of significance and importance to the plaintiff's ability to practice (his profession)"]).

For all of these reasons, defendants establish that plaintiff fails to state a defamation claim.

CONCLUSION

Accordingly, it is hereby

ORDERED that defendants' motion to dismiss is granted, and the complaint is dismissed, and the clerk is directed to enter judgment accordingly.

| | |
|---|---|
| __10/25/2024__ | |
| DATE | DAVID B. COHEN, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

154940/2023  BUCKLER, RAYMOND vs. TEMPLE COURT ET AL
Motion No. 001

Page 4 of 4